05415-P1361
RPK:dkl
G:\61\P1361\P1361HIP 002

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No.: 04-2110 ) |
| WEXFORD HEALTH SOURCES, INC., MARY MILLER, HEALTH CARE UNIT ADMINISTRATOR and DOCTOR RONALD SCHAEFER, MD, | ) ) ) ) ) |
| Defendants. | ) ) |

FILED
OCT 2 1 2004
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

### HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMING ON TO BE HEARD on the Motion for HIPAA Qualified Protective Order of Defendants, WEXFORD HEALTH SOURCES, INC. and RONALD SCHAEFER, M.D., the Court finds that good cause exists for the entry of an HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, IT IS HEREBY ORDERED:

1)   All records produced by the parties to this litigation shall be produced subject to the conditions of this order.

2)   This order shall apply to any records produced by a Covered Entity as defined by 45 C.F.R. 160.103 which receives a request to produce or subpoena for protected health information.

3) During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act (HIPAA) and the Federal Regulations enacted pursuant to said Act.

    (a) All protected health information disclosed by any of plaintiff's health care providers shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, discovery, depositions, trial preparation, trial, and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

    (b) Protected health information may be disclosed by any covered entity or health care provider, party or parties' attorney, without further notice to:

        (1) The parties' attorneys, experts, consultants, treating physicians, other health care providers, liability insurers for any of the parties involved in the litigation, in any proceedings for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the firms representing the parties and those entities;

        (2) The parties, and each entity governed by this Order shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made, provided, however, that said protected health information may be retained in the files of the law firms handling this litigation and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

Entered this __21st__ day of __OCTOBER,__ __2004__

                  s/Harold A. Baker
                  U. S. DISTRICT JUDGE

2