UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) No.: 04-2110 |
| WEXFORD HEALTH SOURCES,INC., MARY MILLER,HEALTH CARE UNIT ADMINISTRATOR and DOCTOR RONALD SCHAEFER, MD, | ) HONORABLE Harold A. Baker  Presiding Judge |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**

FILED
NOV 19 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

**Statement of the Case**

This is a civil rights case filed under 42 U.S.C. §1983 by a state prisoner and asserting claims for the unconstitutional infliction of cruel and unusual punishment as to the deliberate indifference to diagnosed serious medical condition, the denial of equal protection in subsequent refusal to allow further testing to more definitely diagnos his condition, and the denial of access to adequate and competent medical care for further evaluation and treatment. The plaintiff seeks damages as to all claims and an injunction to ensure proper medical treatment.

**Statement of Facts**

The Complaint alleges that although defendants exercised professional judgment, it was not followed after it was initial-

ly exercised. That is, after defendants diagnosed plaintiff with Hepatitis-C Virus, defendants refused to comply with accepted professional standards in treating plaintiff's condition and refused to conduct further tests that plaintiff's symptoms call for. Defendants, with knowledge of plaintiff's medical needs, acted or failed to act in such a way as to deprive plaintiff of necessary and adequate medical care and in such manner as to prevent plaintiff from obtaining needed medical treatment and care and/or to prevent needed medical treatment and care from reaching the plaintiff thereby endangering the plaintiff's health and well being. Plaintiff filed five grievances in this regard and has exhausted all administrative remedies.

## ARGUMENT

THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF.

In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." **Abdullah v. Gunter**, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct. 1995 (1992). In addition, courts have suggested that the most important factor is whether the case appears to have merit. **Cooper v. Sargenti Co., Inc.**, 877 F.2d 170, 173 (2d Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1. **Factual complexity.** The plaintiff alleges that defendants physically and mentally abused him, while refusing to afford him the opportunity to receive appropriate medical care. He also asserts that although defendants were on notice of his serious medical condition, they were deliberately indifferent and consciously choose to do nothing to address that condition. He challenges the denial of medical care after defendants diagnosed his medical condition. The sheer number of claims and defendants makes this a factually complex case.

In addition, several of the plaintiff's claims involves the denial of medical care; it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. <u>Moore v. Mabus</u>, 976 F.2d 268, 272 (5th Cir. 1992); <u>Jackson v. County of Mclean</u>, 953 F.2d 1070, 1073 (7th Cir. 1992); <u>Tucker v. Randall</u>, 948 F.2d 388, 392 (7th Cir. 1991).

2. **The plaintiff's ability to investigate.** This case will require considerable discovery concerning accepted professional standards in diagnostic testing and algorithm for the treatment of Hepatitis-C Virus, the prison medical providers reports and statements about the plaintiff's diagnostic tests, the history of the prison medical care providers with prior records of deliberate indifference to serious medical needs, and the plain-

tiff's medical history. See **Tucker v. Dickey**, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel).

3. **Conflicting testimony.** The plaintiff's account of his denial of medical care is squarely in conflict with the statements of the defendants. This aspect of the case will be a credibility contest between the defendants and the plaintiff (and such expert witnesses as can be located). The existence of these credibility issues supports the appointment of counsel. **Gatson v. Coughlin**, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. **The ability of the indigent to present his claim.** The plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. **Whisenant v. Yuam**, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is provided with very limited access to legal materials. **Rayes v. Johnson**, 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. **Legal complexity.** The large number of defendants, some of whom are supervisory officials, presents complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can

- 4 -

develop. See **Abdullah v. Gunter**, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S.Ct. 1995 (1992).

6. **Merit of the case.** The plaintiff's allegations, if proved, clearly would establish a constitutional violation. The allegations of denial of medical care clearly states an Eighth Amendment violation and amounts to "intentionally interfering with medical treatment once prescribed," which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners' medical needs. **Estelle v. Gamble**, 429 U.S. 97, 105, 97 S.Ct. 285 (1976). On its face, then, this is a meritorious case.

## CONCLUSION

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

DATE: Nov. 17, 2004

Ronnie V. Johnson,
Register No. N12401
Danville Correctional Center
3820 East Main St.
Danville, IL. 61834

- 5 -



**LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO**

111 West Jackson Boulevard
Suite 300
Chicago, Illinois 60604-3502
312.341.1070 Phone
312.341.1041 Fax
312.431.1206 TDD
www.lafchicago.org

March 12, 2004

Ronnie V. Johnson
#N-12401
Danville Correctional Center
3820 East Main
Danville, IL  61834

Dear Mr. Johnson:

Your Feb. 23, 2004 addressed to Ruthanne DeWolfe (who retired from LAF years ago) has been given to me for reply.  Please be advised that because of Congressional restrictions prohibiting the Legal Assistance Foundation of Chicago and other grantees of the Legal Services Corporation from participating in litigation on behalf of prisoners, the Legal Assistance Foundation of Chicago no longer maintains a Correctional Law Project.  You will need to address future requests for assistance elsewhere.  Sorry we can't help.

We return ALL YOUR DOCUMENTS.

Sincerely,

Richard Jay Hess
Attorney at Law

RJH:tn
ENCL.

LSC
America's Partner
For Equal Justice

*Equal Access to Justice*

You may also want to write to the

    John Howard Association For Prison Reform

    300 West Adams Street

    Chicago, IL   60606

Perhaps they can help you with a list of criminal attorneys you want.



## JOHN HOWARD ASSOCIATION/FOR PRISON REFORM

300 WEST ADAMS STREET • SUITE 617 • CHICAGO, ILLINOIS 60606 • TEL. (312) 782-1901 • FAX. (312) 782-1902
www.johnhowardassociation.org

May 3, 2004

Mr. Ronnie Johnson #N-12401
Danville Correctional Center
3820 East Main Street
Danville, IL 61834

Dear Mr. Johnson:

Some months ago, at the request of your mother, we sent a letter to Ms. Mary Miller, HCUA at Danville, asking for a report on your medical condition and treatment. Your mother told us that you have Hepatitis C and you are not getting any medical treatment for that condition. We never received a response from her.

Please write to us and let us know if you are now getting adequate medical care or if you need our assistance in that regard.

Sincerely,

*James R Coldren, Jr*

James R. Coldren, Jr.
President



**ESTABLISHED IN 1901**

**OVER 100 YEARS OF CORRECTIONS REFORM**

## JOHN HOWARD ASSOCIATION/FOR PRISON REFORM

300 WEST ADAMS STREET • SUITE 617 • CHICAGO, ILLINOIS 60606 • TEL. (312) 782-1901 • FAX. (312) 782-1902

www.johnhowardassociation.org

June 18, 2004

Mr. Ronnie V. Johnson #N-12401
Danville Correctional Center
3820 East Main Street
Danville, IL 61834

Dear Mr. Johnson:

We received your letter dated 5/18/04 (including all enclosures) asking for a referral to a lawyer to represent you in a civil rights action regarding your lack of treatment for Hepatitis C.

We do not know of any lawyer that we could recommend to you as a referral. We are not attorneys so we are not permitted to represent anyone in any kind of litigation. Is it possible the Court would appoint an attorney to represent you in your civil rights complaint?

Dr. R. Schaefer's memo dated 4/10/04 (Exhibit S 13) stated that he was going to order a PJ/PTT Blood Test and if that is normal the next step will be a liver biopsy. Have the results of the Blood Test been received?

Sincerely,

*James R. Coldren, Jr.*
James R. Coldren, Jr.
President



# JOHN HOWARD ASSOCIATION/FOR PRISON REFORM

300 WEST ADAMS STREET • SUITE 617 • CHICAGO, ILLINOIS 60606 • TEL. (312) 782-1901 • FAX. (312) 782-1902
www.johnhowardassociation.org

July 6, 2004

Mr. Ronnie V. Johnson #N-12401
Danville Correctional Center
3820 East Main Street
Danville, IL 61834

Dear Mr. Johnson:

We received your letter dated 6/21/04.

You should continue to inquire about the scheduling of the liver biopsy and keep us advised.

As you requested, we are hereby returning to you all the legal papers you previously sent to us.

Sincerely,

James R. Coldren, Jr.
President

Enclosures

RECEIVED MAY 19 2004

RONNIE V. JOHNSON
Reg. No. N-12401
Danville Correctional Center
3820 East Main Street
Danville, IL. 61834

May 17, 2004

Law Offices Of
COCHRAN, CHERRY, GIVENS,
SMITH & MONTGOMERY, L.L.C.
One North LaSalle St., Suite 2450
Chicago, IL. 60602

**IN RE: PETITION FOR LEGAL REPRESEN-
TATION.**

James D. Montgomery, Esquire:

This is to petition the agency of your office in regard to providing the above named individual with legal representation on a contingency fee basis. If you will, I am suffering from a serious illness [Hepatitis-C Virus] and have been denied medical treatment from the date of January 5, 2004.

Enclosed, herewith, is a copy of my draft for civil rights action of which I intend to file, pro se, within several weeks. I have also attached a complete copy of exhibits in support of the complaint. If, after review of the material, you may be interested in taking my case, please notify me at your earliest convenience.

Sincerely yours,

*Ronnie V. Johnson*

## LAW OFFICES OF
## COCHRAN, CHERRY, GIVENS SMITH & MONTGOMERY, L.L.C.

JOHNNIE L. COCHRAN, JR. [1]
JAMES D. MONTGOMERY [1]
SAMUEL A. CHERRY, JR. [2]
J. KEITH GIVENS [3]
JOCK M. SMITH [2]

THOMAS C. MARSZEWSKI [4]
MELVIN L. BROOKS [4]
JAMES M. SANFORD [5]
MARK PARTS [4]
DOUGLAS HOPSON [4]
BEVERLY P. SPEARMAN [4]
TRENT A. MCCAIN [4]

ONE NORTH LaSALLE STREET • SUITE 2450
CHICAGO, ILLINOIS 60602
(312) 977-0200 • FAX: (312) 977-0209

[1] Member of California, New York & Washington, D.C. Bar
[2] Member Alabama Bar
[3] Member Alabama, Florida & Georgia Bar
[4] Member Illinois Bar
[5] Member Ohio and Illinois Bar

May 18, 2004

Mr. Ronnie V. Johnson ID#N12401
Danville Correctional Center
3820 East Main Street
Danville Illinois 61834

Dear Mr. Johnson:

After review of your situation, we regret we cannot represent you in your potential claim. At this time our office has limited its practice and we are focusing our attention to cases that relates to catastrophic personal injuries.

Thank you for considering the firm of Cochran, Cherry, Givens, Smith & Montgomery, L.L.C., Chicago office.

Very truly yours,

Thomas C. Marszewski

TCM: dl

Enclosure: Your documents forwarded to us for review.

Law Office
# Schneider & Schneider, P.C.
A Professional Corporation
Legal Business Office
Keith J. Schneider, Esq.
1620 W. Northwest Highway
Arlington Heights, IL 60004
Phone: (847) 222-8040
Fax: (847) 222-8041

July 16, 2004

Ronnie V. Johnson
#N-12401
3820 E. Main St.
Danville, IL 61834

RE: Case Review

Dear Mr. Johnson;

    I have received your letter with your documents asking for me to represent you. I am sorry but I am not taking on any new matters at this time due to my full case load. Good luck seeking representation. Please find enclosed your documents.

Sincerely,

*Keith J. Schneider*

KEITH J. SCHNEIDER, Esq.
KJS/mls

# Bob Hodge
# Law Offices

36 South Wabash Ave Rm 1310
Chicago IL 60603-2906
312/422-1707 fax 422-0708
bhmingus@ameritech.net

June 17, 2004

Ronnie V Johnson
Reg No. N12401
Danville Correctional Center
3820 East Main Street
Danville IL 61834

    Re:    Legal Representation

Dear Mr. Johnson:

I have received and reviewed the legal and medical documents you sent by letter dated June 11, 2004. Here are my comments.

Legal Standard: As you know, the 8th Amendment standard is deliberative indifference. This is a very high standard which is very hard for inmates to meet. A review of your medical records indicates you are not likely to meet that standard.

Medical Condition: The testing indicates you tested positive for Hepatitis B and C in late 2003. The blood testing also shows your SGOT and SGPT values moving from slightly above normal in 2001 to pretty high in 2003. However, the April, 2004 testing shows these values have gone down again to near normal. SGOT and SGPT are enzymes which, if highly elevated, suggest liver disease. Normally, the doctors don't get too worried unless the values go over 100. Yours haven't reached 100 yet. If they do, and if the doctors continue to be passive, then you may have a claim. (I am not a doctor and this is not medical advice. I do litigate lots of Social Security disability claims, so I know how to read medical records.)

For these reasons, I am declining representation. Best of luck to you.

                                Truly,

                                *Robert M. Hodge*