IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RONNIE V. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 04-2110 |
| vs. | ) | |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | The Honorable District |
| MARY MILLER, HEALTH CARE UNIT | ) | Judge |
| ADMINISTRATOR, DOCTOR RONALD | ) | HAROLD A. BAKER |
| SCHAEFER, MD, | ) | Presiding |
| | ) | |
| Defendants. | ) | |

FILED
JAN 10 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## TRAVERSE TO DEFENDANT MILLER'S MOTION TO DISMISS

COMES NOW Ronnie V. Johnson, Plaintiff, Pro se, in the above cause of action, and he hereby gives traverse to Defendant MARY MILLER'S motion to dismiss and Plaintiff requests that such motion made by that Defendant be fully DENIED. In support of this request, the following is submitted for due consideration.

01. On December 29, 2004, Defendant Mary Miller caused a unilateral motion to dismiss Plaintiff's Civil Rights Complaint. Therein she asserted for herself and her co-defendants that **(A.)** Plaintiff has failed to state a claim for deliberate indifference to his serious medical needs; **(B.)** that he is neither entitled to damages, declaratory relief, nor injunctive relief; and, **(C.)** that she is entitled to qualified immunity.

02. Plaintiff, RONNIE V. JOHNSON, hereby gives his traverse to Defendant Miller's assertions and requests that her motion to dismiss; and, for qualified immunity be denied for the hereafter stated reasons:

TRAVERSE TO DEFENDANT MILLER'S MOTION

I.

DEFENDANT MILLER IS COLLATERAL ESTOPPED FROM RELITIGATING CLAIMS THE COURT HAS PREVIOUSLY DETERMINED TO BE LEGALLY SUFFICIENT TO STATE A CAUSE OF ACTION TO WHICH DEFENDANT IS NOT IMMUNE.

On July 6, 2004, as a matter of judicial economy this Honorable Court fully reviewed Plaintiff's civil rights action; in which he claimed violation of his constitutional rights. The Court was required to screen Plaintiff's claim and to dismiss them, if warranted. However, after reviewing the merits of Plaintiff's claims, the Court determined that his claims were neither frivolous, maliciously made, nor suffered the failure to state a claim of action upon which relief could not be granted. (See: MERIT REVIEW ORDER of 7/6/04).

The Court's **sua sponte** order additionally held that none of the defendants named by Plaintiff as being involved in the violation of his constitutional rights, under the Eighth Amendment to the United States Constitution, were immune from the monetary and other relief sought by Plaintiff from them.

The Court's **sua sponte** merit review order regarding Plaintiff's claims was issued pursuant to the same review standard as the motion to dismiss standard of review. Therefore, Defendant Miller is collateral estopped from relitigating claims the Court has previously determined to be legally sufficient to state a cause of action to which Defendant is not immune.

## II.

**PLAINTIFF'S ALLEGATION OF HAVING A CHRONIC HEPATITIS C INFECTION WAS SUFFICIENT TO SUPPORT HIS CLAIM OF SERIOUS MEDICAL NEED; AND, HIS CLAIM IS STATED WITH LEGAL SUFFICIENCY AGAINST EACH DEFENDANT IN THE CASE BY FULLY ALLEGING THEY WERE AWARE OF HIS MEDICAL CONDITION AND MADE A DECISION TO REFUSE TO TREAT OR TO ADEQUATELY ADDRESS IT.**

Despite the contrary arguments submitted by Defendant MILLER in her motion to dismiss that Plaintiff's complaint fails to state a claim upon which relief can be granted; Defendant presented no facts that support her contentions. Clearly, a claim may be dismissed "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" **Alvarado v. Litscher**, 267 F.3d 648, 651 (7th (Cir. 2001)(quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

In her motion, Defendant MILLER attempts to indicate to this Court that Plaintiff JOHNSON'S claim of deliberate indifference to his serious medical needs is nothing more than a mere dissatisfaction with the doctor's prescribed course of treatment regarding his Hepatitis C infection. (Defendant's Motion; Pg. 3. § 1). The dissatisfaction, she relates, is due to the defendants' decision not to give any treatment to him because he did not meet the criteria set by them for Hepatitis C infection treatment. Thus, Defendant MILLER urges this Court to regard Plaintiff's insistent demands for certain diagnostic tests to evaluate his Hepatitis C infection, including access to a liver specialist, a liver biopsy; and for treatment with medications which could

possibly cure or make his diseased liver more normal... as nothing more than a dispute with the medical judgment exercised by the defendants not to treat his infection in any way or any means. (Defendant's Motion; PP. 2-6).

To support her contention, Defendant MILLER sought to take advantage of some of the information Plaintiff has submitted to the Court about Hepatitis C infection and its treatment. Thus, she selectively cited those paragraphs of that information and material which tended to support the defendants' position that an individual's treatment for Hepatitis C infection is discretionary and should be determined by a physician. (Defendant's Motion PP. 4-5) Additionally, while neither sharing the "Criteria for Treatment of Hepatitis C" used by defendants to refuse treatment to Plaintiff with the Court nor the Plaintiff (See: attached letters written by Defendant MILLER); Defendant MILLER alleges that under such criteria treatment for Plaintiff's Hepatitis C infection is "contraindicated." (Defendant's Motion PP. 4-5).

Contrary to the view presented by Defendant MILLER, authoritative professionals have determined that Hepatitis C causes an estimated 10,000 to 12,000 deaths annually in the United States from chronic liver disease. These authorities recommend a treatment therapy of a combination of alpha interferon and ribavirin medications. Additionally, they recommend diagnostic testing and liver biopsy to confirm a HCV RNA viral infection; to grade its severity, determine degree of liver fibrosis & damage to judge

- 4 -

the necessary proper treatment for the disease. (Plaintiff's Ex. #D, Ex. #E, and Ex. #F. PP. 1-28). Especially, to manage and cure the disease, such authorities prescribe a specific Algorithm for Treatment of Hepatitis C infection. (See: Plaintiff's Ex. #F, PP. 20-23). Additionally, none of the mentioned contraindications to treatment put forward by these authorities exclude Plaintiff JOHNSON fron either diagnostic testing or treatment for his Hepatitis C infection. (Plaintiff's Ex. #F, PP. 14-18).

This case cannot be summarized as one dealing with a 'classic example(s) of matter(s) for medical judgment such as whether one course of treatment is preferable to another' and the Defendant should not be allowed to prevail on her motion to dismiss, that seeks, in effect, summary judgment. Rather, it is one dealing with the actual refusal to provide necessary testing and medical treatment of a serious medical problem and it presents a well-plead claim of deliberate indifference to a serious medical condition, as this Honorable Court has already determined. This case also presents, at this time, the material fact issues as to the reasons why treatment for his Hepatitis C infection has been refused necessary diagnostic testing and medical treatment. Clearly, the cost of providing such testing and treatment is expensive and at trial it can be proven that the defendants have conspired together to deny & refuse treatment of Plaintiff's Hepatitis C infection to save money and to maximize profits for their health care business enterprise.

Therefore, in view of the fact that Plaintiff has put forward a legally sufficient claim that the defendants have been deliberately indifferent to his serious medical condition and have refused him necessary testing and medical treatment to subject him to cruel and unusual punishment, this case should not be dismissed at the request of Defendant MILLER. <u>Bond v. Aguinaldo</u>, 265 F.Supp. 2d 926 (N.D. Ill. 2003).

### III.

**WHERE PLAINTIFF HAS SUFFICIENTLY ALLEGED DENIAL OF MEDICAL TREATMENT, WHICH IS A CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION, ASSERTION OF QUALIFIED IMMUNITY DEFENSE BY DEFENDANT MILLER IS INAPPROPRIATE AT THIS STAGE.**

Qualified immunity protects government officials from civil liability when performing discretionary functions so long as their conduct does not violate clearly established constitutional rights. <u>Harlow v. Fitzgerald</u>, 102 S.Ct. 2727. Because a qualified immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate. Especially, even though he has done so, Plaintiff JOHNSON is not required to plead facts that anticipate and overcome a defense of qualified immunity. He has adequately alleged that the defendants acted with deliberate indifference to his serious medical needs, which is an allegation of conduct that violated a clearly established constitutional right. And, because the record requires further development of the full seriousness of Plaintiff's medical needs and whether the defendants acted with deliberate indifference to those needs, dismissal on the grounds of qualified immunity is a

bad ground for dismissal. **Bond v. Aguinaldo**, 265 F.Supp. 2d 926 at 929-930.

**WHEREFORE**, Plaintiff, RONNIE V. JOHNSON, prays that the motion to dismiss and request for qualified immunity filed by Defendant MILLER be denied.

SUBSCRIBED and SWORN to before me this ___ day of January, 2005.

_____
NOTARY PUBLIC

_____
Plaintiff, Pro se

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06

- 7 -

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) No.: 04-2110<br>)<br>) |
| WEXFORD HEALTH SOURCES, INC.,<br>MARY MILLER, HEALTH CARE UNIT<br>ADMINISTRATOR, DOCTOR RONALD<br>SCHAEFER, MD, | ) The Honorable District<br>) Judge<br>) HAROLD A. BAKER<br>) Presiding<br>) |
| Defendants. | )<br>) |

### NOTICE OF FILING

TO: KELLY R. CHOATE, #6269533
Assistant Attorney General
500 South Second Street
Springfield, IL. 62706

Richard P. Klaus / Keith Brandon Hill
HEYL, ROYSTER, VOELKER & ALLEN
Suite 300, 102 East Main Street
P.O. Box 129
Urbana, Illinois, 61803-0129

PLEASE TAKE NOTICE that on January 7, 2005, I mailed to be filed with the Clerk of the United States District Court for the Central District of Illinois, Urbana Division, Plaintiff's Traverse to Defendant Miller's Motion to Dismiss, a copy of which is attached hereto and being served upon you.

Respectfully submitted,

*[signature]*
Ronnie V. Johnson, N12401
Danville Corr. Center
3820 East Main Street
Danville, Illinois 61834

- 1 -

## PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause by enclosing the same in an envelope addressed to such attorneys at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Danville, Illinois, on the 7th day of January, 2005.

                                        Ronnie V. Johnson

Kelly R. Choate, #6269533
Assistant Attorney General
  500 South Second Street
Springfield, Illinois 62706

COUNSEL OF RECORD

Richard P. Klaus / Keith Brandon Hill
   HEYL, ROYSTER, VOELKER & ALLEN
     Suite 300, 102 E. Main Street
        P.O. Box 129
     Urbana, Illinois, 61803-0129

COUNSEL OF RECORD

SUBSCRIBED and SWORN to before me this ___ day of January, 2005.

                        NOTARY PUBLIC

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06

- 2 -



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Danville Correctional Center/ 3820 E Main St. / Danville, IL 61834-4001 / Telephone: (217) 446-0441 / TDD: (800) 526-0844

Date: December 7, 2004

To: Ronnie Johnson N12401 3D-32

From: Mary Miller RNBS, HCUA  *mm*

Subject: Hep C Guidelines

In speaking with Dr. Elyea MD, the Illinois Medical Director he is requesting to know under what law or act you need the information regarding the Hepatitis C treatment guidelines. If you can provide me with this information I will contact Dr. Elyea and obtain his consent to copy the guidelines for you.

Cc: file



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker, Jr.
Director

Danville Correctional Center/ 3820 E Main St. / Danville, IL 61834-4001 / Telephone: (217) 446-0441 / TDD: (800) 526-0844

Date: December 22, 2004

To: Ronnie V. Johnson N12401 R3D32

From: Mary Miller RNBS, HCUA mm

Subject: Hepatitis C Guidelines

In response to your request to obtain the Hepatitis C guidelines, you may obtain these guidelines from the Federal Bureau of Prisons Guidelines Clinical Practice Guidelines February 2003. I am not at liberty to give these to you however you may obtain them on your own possibly through the library.

The Public Act you are referring to is for Health Care HMO plans. It requires a plan to give it's clients explanation of services available to them and how to access services. When an offender comes to the correctional facility they are given orientation and a packet explaining how to access health care here at the institution.

Cc: file