05415-P1361
RPK:dkl
G:\61\P1361\P1361PMD 001

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| RONNIE V. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 04-2110 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MARY MILLER, HEALTH CARE UNIT ) | |
| ADMINISTRATOR and DOCTOR RONALD ) | |
| SCHAEFER, MD, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, WEXFORD HEALTH SOURCES, INC. ("Wexford") and DR. RONALD SCHAEFER, M.D., by their attorneys, Richard P. Klaus and Keith B. Hill of Heyl, Royster, Voelker, & Allen, respectfully submit this memorandum of law in support of their motion to dismiss.

**I.    BACKGROUND**

On June 8, 2004, Plaintiff, Ronnie V. Johnson, while still incarcerated at the Danville Correctional Center in Danville, Illinois, filed his Complaint pursuant to 42 U.S.C. § 1983 alleging that Wexford Health Sources, Inc. ("Wexford"), Mary Miller, Health Care Unit Administrator, and Dr. Ronald Schaefer, M.D. had violated his Eighth Amendment rights. (Pl.'s Compl. ¶¶ 1, 2).

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

The gravamen of Plaintiff's Complaint is that Plaintiff is dissatisfied with the treatment he is receiving for his Hepatitis C. Specifically, he complains that Defendants are not properly testing or treating him for the illness. (Pl.'s Compl. ¶¶ 1, 2).

## II. ARGUMENT

### A. Plaintiff's Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)(internal citations and quotation marks omitted). "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* (internal citations and quotations marks omitted). Thus, "the Eighth Amendment does not apply to every deprivation, suffered by a prisoner, but only [to] that narrow class of deprivations involving a 'serious' injury inflicted by prison officials acting with a culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 19 (1992).

"[Not] every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997). A medical condition is deemed serious if it may be "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once." *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991).

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

The test to determine whether a prison official acted with "deliberate indifference" is a subjective one: "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation cannot under our cases be condemned as the infliction of punishment [and thus falls outside the Eighth Amendment]." *Id*. at 838.  To raise an Eighth Amendment issue, "the infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1995).  Mere negligence or even gross negligence does not constitute deliberate indifference.  *Wilson v. Seiter*, 501 U.S. 294, 305 (1991).

Therefore, the Eighth Amendment is not a vehicle for bringing claims for medical malpractice.  *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  "Medical decisions that may be characterized as classic examples of matters for medical judgment, such as whether one course of treatment is preferable to another, are beyond the Amendment's purview.  Such matters are questions of tort, not constitutional law." *Snipes v. Detella*, 95 F.3d 586, 591 (7th Cir. 1996).  "A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intention mistreatment likely to seriously aggravate the prisoner's condition." *Id.* at 592.

HEYLROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Plaintiff's Eighth Amendment claim is fatally undermined by his own factual allegations. As the Seventh Circuit has noted in the past, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts . . . . Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the court house." *Gutierrez*, 111 F.3d at 1274 *citing Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995). Plaintiff attaches various exhibits to his Complaint that detail the treatment he received for his Hepatitis C from diagnosis to filing of his Complaint.[1]

> Where . . . a copy of a written instrument is attached to the complaint as an exhibit, the written instrument is a part of the complaint and its factual assertions constitute judicial admissions. When such an exhibit contradicts an assertion in the complaint and reveals information which prohibits recovery as a matter of law, the information provided in the exhibit trumps the assertion in the complaint.

*Banco Del Estado v. Navistar International Transportation Corp.*, 942 F. Supp. 1176, 1179 (N.D.Ill. 1996)(citations omitted).

The exhibits to the Complaint reveal that on December 22, 2003 a Hepatitis B surface antigen test (Hep B Surface Ag) and Hepatitis B core antibody test (Hep B Core Ab, Tot) were performed on Plaintiff, resulting in a positive core antibody and a negative surface antigen. (Pl.'s Compl. Ex. G11).

On December 23, 2003, Plaintiff was screened for Hepatitis C with a Hep C Virus Ab test. Plaintiff tested positive. (G12). On January 5, 2004, Plaintiff was diagnosed with Hepatitis C. (Pl.'s Compl. ¶ 9).

---

[1] Defendants would note that Plaintiff did not serve them with the exhibits which he filed with the Court. Through the use of a subpoena and a HIPAA Order, Defendants were able to receive Plaintiff's medical records. Defendants obtained a copy of the exhibits from the Clerk of the Court.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

On January 7, 2004, Plaintiff had a hepatic function test. (Pl.'s Compl. Ex. G10).

On March 3, 2004, Dr. Schaefer reviewed Plaintiff's chart and noted that Plaintiff's latent Hepatitis B coinfection was a contraindication for treatment of his Hepatitis C. (Pl.'s Compl. Ex. S3).

On March 4, 2004, Plaintiff was seen by Dr. Schaefer, who advised Plaintiff that he was not a good candidate for Hepatitis C treatment because he had a positive Hepatitis B core antibody test, indicating a past infection. Presence of the Hepatitis B core means possible reactivation of the Hepatitis B virus by immunosuppression. Dr. Schaefer ordered a repeat Hepatitis B panel. (Pl.'s Compl. Ex. S); (Pl.'s Compl. ¶ 36).

On March 10, 2004, Plaintiff was screened for Hepatitis A (with Hep A AB, IgM test) and Hepatitis C (with Hep C Virus Ab test). Plaintiff tested negative for Hepatitis A and positive for Hepatitis C. A Hepatitis B surface antigen test (Hep B Surface Ag) and Hepatitis B core antibody test (Hep B Core Ab, IgM) were also performed, resulting in a negative core antibody and a negative surface antigen. (Pl.'s Compl. Ex. L); (Pl.'s Compl. ¶ 37).

On March 29, 2004, Plaintiff presented to a nurse complaining of liver pain. Plaintiff was scheduled to see a physician's assistant for follow up for epigastric pain. (Pl.'s Compl. Ex. S4, S5)

On April 2, 2004, Plaintiff presented to a physician's assistant complaining of epigastric pain. Plaintiff was scheduled to have LFT (Liver Function Test), amylase, lipase, and viral RNA labs drawn. (Pl.'s Compl. Ex. S6).

On April 12, 2004, Plaintiff had labs drawn for LFT, amylase, lipase, viral RNA. Plaintiff had no particular complaints at that time. Plaintiff was advised to sign up for sick call

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

in a week and that he would be scheduled to see a doctor or a physician's assistant at that time if necessary. (Pl.'s Compl. Ex. S7).

On April 15, 2004, after reviewing Plaintiff's recent lab showing a negative Hepatitis B core antibody test, Dr. Schaefer requested that Plaintiff have a PT/PTT INR blood test and a Hepatitis C viral load test. Dr. Schaefer noted that after the PT/PTT INR blood test and the Hepatitis C viral load test were performed, he would request that Plaintiff have a liver biopsy. (Pl.'s Compl. Ex. S8).

On April 20, 2004, Plaintiff was advised that the doctor needed to complete the PT/PTT blood test and, if necessary, a liver biopsy before making a final decision about the need for a specialist. (Pl.'s Compl. ¶ 57).

Plaintiff signed his Complaint on June 3, 2004. (Pl.'s Compl.)

The facts presented by Plaintiff demonstrate that Dr. Schaefer did not ignore Plaintiff's condition or turn a blind eye to it. Subsequent to Plaintiff's diagnosis, a hepatic function test was performed on Plaintiff and he was evaluated by Dr. Schaefer. At that time, Dr. Schaefer reasonably exercised his medical judgment in concluding that Plaintiff was not a candidate for Hepatitis C treatment because Plaintiff had a latent Hepatitis B coinfection. Plaintiff was so advised and Dr. Schaefer requested a repeat Hepatitis B panel. Plaintiff was also re-screened for Hepatitis C and screened for Hepatitis A. Plaintiff's complaints of epigastric pain were evaluated by a nurse and a physician's assistant and various labs were performed on Plaintiff. Subsequently, Dr. Schaefer reviewed Plaintiff's repeat Hepatitis B panel, reevaluated Plaintiff, and reasonably exercised his medical judgment in concluding that further blood tests and a Hepatitis C viral load test were necessary before requesting a liver biopsy. Less than a month and a half later, Plaintiff signed his Complaint. Plaintiff clearly disagrees with the treatment he

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

has received prior to his Complaint. However, merely alleging that Dr. Schaefer should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate his claim to constitutional dimensions. The facts presented by Plaintiff in his Complaint and the exhibits he has attached thereto fail to state a claim on which relief can be granted.

> **B.    Plaintiff's Complaint should be dismissed against Wexford pursuant to Fed. R. Civ. P. Rule 12(b)(6) because Plaintiff's Complaint fails to sufficiently allege a Wexford policy that a Wexford employee followed, which caused the alleged deprivation of Plaintiff's Eighth Amendment right.**

"It is well-established that there is no respondeat superior liability under § 1983." *Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 (7th Cir. 2002) *citing Horwitz v. Bd. of Educ.*, 260 F.3d 602, 619 (7th Cir.2001). "A private corporation is not vicariously liable under § 1983 for its employees deprivations of others civil rights." *Id. citing Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir.1982)(quotations omitted). "In general terms, to maintain a viable § 1983 action against a municipality or similar entity, . . . a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom of the government unit." *Id. citing Latuszkin v. City of Chicago*, 250 F.3d 502, 504 (7th Cir.2001). For purposes of § 1983, Wexford, a private corporation acting under color of state law, is treated as though it were a municipal entity. *Id.* fn. 6 *citing Iskander*, 690 F.2d at 128.

In *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985), the court stated that the absence of any facts at all to support Plaintiff's claim renders the allegation of policy or practice mere legal conclusion of § 1983 liability devoid of any well-pled facts.

HEYL ROYSTER VOELKER &ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

7

In *Pope v. City of Chicago*, 1996 WL 392163 (N.D.Ill. 1996), the court commented on the validity of the pleading requirements of *Strauss* after the Supreme Court's ruling in *Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.Ct. 1160 (1993)(no "heightened pleading standard " in § 1983 case). The court noted that the *Strauss* court explicitly stated that its holding did not impose a heightened pleading requirement. *Id*. at *4. The court further noted that the *Strauss* court cautioned that it did not mean to imply that a plaintiff must plead in greater detail. *Id*. According to the court in *Pope*, the *Strauss* court "merely stated that a complaint must plead 'some fact' tending to support the allegation that a municipal policy exists. 'Some fact' suggests that 'something more than no facts' must provide a basis for alleging the existence of municipal policy." *Id*. (citations omitted). The *Pope* court concluded that the *Strauss* standard "does not impose, and explicitly rejects, a heightened pleading standard requiring 'detail and particularity' at issue in *Leatherman*. Even after *Leatherman*, this jurisdiction has insisted that plaintiffs plead some factual basis for the allegations. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995); *Baxter* [*by Baxter v. Vigo County School Corp.*], 26 F.3d [728,] . . . 736 [7th Cir. 1994]." *Id*.

In *Pope*, the court dismissed plaintiff's complaint because plaintiff's complaint failed to allege "some facts" that suggested that a policy existed. *Id*. at *5.

Here, Plaintiff's Complaint alleges that "WEXFORD has a blanket policy or practice encouraging and enjoining its employees to defer or deny medical treatment of prisoners maladies which will require costly treatment to manage" (Pl.'s Compl. ¶ 26), but the only facts alleged relate to his treatment for Hepatitis C.

As Plaintiff's Complaint fails to allege "some fact" suggesting the existence of a Wexford policy that a Wexford employee followed, which caused the alleged deprivation of Plaintiff's

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

Eighth Amendment right, Plaintiff's Complaint should be dismissed. Allowing Plaintiff's claim to proceed without some fact suggesting the existence of a Wexford policy would be tantamount to allowing suits to be filed on a theory of respondeat superior.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice.

WEXFORD HEALTH SOURCES, INC.
and RONALD SCHAEFER, M.D.,
Defendants

| | |
|---|---|
| s/ Richard P. Klaus | s/ Keith B. Hill |
| Attorney for Defendants | Attorney for Defendants |
| Heyl, Royster, Voelker & Allen | Heyl, Royster, Voelker & Allen |
| Suite 300 | Suite 300 |
| 102 E. Main Street | 102 E. Main Street |
| P.O. Box 129 | P.O. Box 129 |
| Urbana, IL 61803-0129 | Urbana, IL 61803-0129 |
| 217-344-0060 Phone | 217-344-0060 Phone |
| 217-344-9295 Fax | 217-344-9295 Fax |
| E-mail: rklaus@hrva.com | E-mail: khill@hrva.com |

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Ms. Kelly Choate
Attorney at Law
Illinois Attorney General's Office
Assistant Attorney General
500 South Second Street
Springfield, IL  62706

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Ronnie V. Johnson
Register No. N-12401
Danville Correctional Center
3820 E. Main St.
Danville, IL 61834

        s/  Richard P. Klaus
        Attorney for Defendants
        Heyl, Royster, Voelker & Allen
        Suite 300
        102 E. Main Street
        P.O. Box 129
        Urbana, IL 61803-0129
        217-344-0060 Phone
        217-344-9295 Fax
        E-mail:  rklaus@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060