IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 04-2110 |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MARY MILLER, HEALTH CARE UNIT | ) |
| ADMINISTRATOR and DOCTOR RONALD | ) |
| SCHAEFER, MD, | ) |
| | ) |
| Defendants. | ) |

FILED
MAR 07 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS TRAVERSE
AND REQUEST FOR DENIAL OF DEFENDANTS' MOTION TO DISMISS

Comes Now RONNIE V. JOHNSON, Plaintiff Pro Se, and submits his Memorandum of Law in support of his Traverse and Request for the denial of Defendant's motion to dismiss his Complaint. In support thereof the following is stated for due consideration:

(P-1)

I:

PLAINTIFF'S COMPLAINT IS NOT SUBJECTED TO BE DISMISSED BECAUSE ITS WELL PLED FACTS & ALLEGATIONS ARE LEGALLY SUFFICIENT ENOUGH TO STATE A GOOD CAUSE OF ACTION; AND, IT DOES NOT APPEAR BEYOND DOUBT HE CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM WHICH WOULD ENTITLE HIM TO RELIEF. THEREFORE, DEFENDANTS ARE COLLATERALLY ESTOPPED FROM RELITIGATING THIS ISSUE AT THIS STAGE DUE TO THE COURT'S DETERMINATION AND RULING ON IT.

On July 6, 2004, in its firm discretion, this Honorable Court fully reviewed Plaintiff's civil rights action, in which he claimed the violation of his constitutional rights, under the Eighth Amendment to the United States Constitution, regarding the Defendants' actions of refusal to provide him with required treatment for his serious medical illness. After fully reviewing the merits of Plaintiff's claims, the Court determined his claims were neither frivolous, maliciously made, nor suffered the failure to state a claim of action upon which relief could not be granted. (MERIT REVIEW ORDER of 7/6/04).

The sua sponte order additionally held that none of the defendants named by Plaintiff as being involved in the violation of his constitutional rights were immune from the monetary and other relief sought from them by Plaintiff.

Defendants are collaterally estopped from relitigating claims and issues the Court has previously determined to be legally sufficient to state a cause of action to which defendants are not immune. The Court's sua sponte Merit Review Order was binding on all parties to this litigation. Said Order was issued pursuant to the same review standard as the motion to dismiss standard of review; and, the "merits" of Plaintiff's claims were clearly then reviewed and such ruling on the "merits" of the case has a res judicata effect that now collaterally estops the Defendants from relitigating those merits at this stage. Travelers Indem Co., v. Household Intern., Inc., 775 F.Supp. 518.

The Motion to dismiss filed by Defendants requires the Court to construe Plaintiff's complaint in light most favorable to plaintiff, accept all of complaint's factual allegations as true, and to determine whether plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him to relief. Smith v. Grumman-Olsen Corp., 913 f.Supp. 1077. In ruling on motion to dismiss, court must liberally construe all allegations in a pro se complaint as filed in this instant case, and the court must apply less stringent standards than those applied to professionally drafted complaints to prevent a pro se litigant from being unfairly disadvantaged. Levine v.

(P-3)

Kling, N.D.Ill.1996, 922 F.Supp. 127.

In support of its motion, Defendants have asserted that the facts presented by Plaintiff in his Complaint and in his exhibit fail to state a claim; and, that such facts & exhibits fail to prove the defendants ignored Plaintiff's Hepatitis C condition or acted in deliberate indifference to it. Defendants contend that plaintiff has "pleaded himself out of court" by alleging facts and presenting exhibits that the defendants interpret as showing the lack of merit in the case. (DEFENDANTS MEMO OF LAW, PP. 4-7).

To the contrary, Plaintiff's presentation of the supporting facts and documents do not undermine his claims. Rather, such facts and exhibits effectively allegate basic claim of defendants deliberate indifference to his serious medical needs regarding his Hepatitis C illness. The facts put forward in the complaint and the supporting exhibits attached thereto related to the court that defendants made a knowing and deliberate decision not to give any testing or treatments to him for his Hepatitis C infection illness. Recently Defendant MILLER admitted the truth regarding the actual refusal to test or treat plaintiff's Hepatitis C infection. (See: <u>DEFENDANT MILLER'S MEMO OF LAW in support of her motion to dismis</u>, PP. 3-6). Further, the complaint and its supporting exhibits illustrate that at the moment of defendants' refusal to test or treat plaintiff's Hepatitis C infection; they knew or should have known that such infection was a serious medical condition ---- that will most probably lead to plaintiff's

termination as a living human being, if left undiagnosed and untreated substantially. This result is especially profoundly indicated in view of the fact that plaintiff has contacted the most acute type of Hepatitis infection, HCV RNA. (See: <u>Plaintiff's Exhibits</u>, #D, #E and #F--PP. 1-28) attached to his complaint). Therefore, Defendants' decision and refusal to test or treat plaintiff's Hepatitis C infection is a deliberate violation of his Eighth Amendment Rights and their act violates the Cruel and Unusual Punishment Clause of the U.S. Constitution. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834; <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06.

Further, in their motion to dismiss, the Defendants attempts to trivialize plaintiff's civil rights claim. They seek to foster the erroneous impression to this court that plaintiff is only complaining about "aches and pains"; that he is complaining only about "negligence", and is only "dissatisfied" with the doctor's (defendants') decision & refusal to test or treat his Hepatitis C infection. (See: <u>DEFENDANTS' MEMO OF LAW</u>, PP. 2-4). Otherwise, in direct contradiction both to evidence of and their own admission that they made a decision not to test or treat plaintiff's Hepatitis C infection, the Defendants now attempts to claim that they did not ignore plaintiff's condition or turn a blind eye to it. (<u>DEFENDANTS' MEMO OF LAW</u>, P.6) To support their contention, the Defendants cite efforts plaintiff made to get his condition fully tested and treated; and, what

(P-5)

they did to examine or treat some of the symptons he reported to them. (DEFENDANTS' MEMO OF LAW, PP. 4-7). Defendants claim that such "examination of and treatment of some of plaintiff's symptoms" of illness was responsible and sufficient care & treatment for his Hepatitis C infection is merely an inappropriate attempt to obtain dismissal by summary judgment with their argument that plaintiff's evidence is insufficient to support claim against them. S.E.C. v. Militano, 773 F.Supp. 589.

On motion to dismiss for failure to state claim, court must presume all factual allegations of complaint to be true and must take all reasonable inferences in favor of nonmoving party. In re Mosello, 190 B.R. 165; Doran v. Corn Products-U.S., 776 F.Supp 368. In view of the well-plead facts presented to this court by plaintiff, this court can properly and correctly conclude that plaintiff has put forward a legally sufficient claim. Truely, in this case, defendants have been deliberately indifferent to his serious medical condition and have intentionally and recklessly refused him necessary testing and medical treatment; and, thus have subjected him to cruel and unusual punishment in violation of his 8th amendment constitutional right, therefore this case should not be dismissed for any of the reasons; claims or contentions argued by the defendants. Bond v. Aguinaldo, 265 F.Supp.2d 926(N.D. Ill. 2003).

There should exist no doubt concerning the seriousness of Plaintiff's claim. Effectively, what is at issue deals with his life and health. Thus, this court has the obligation to construe his pro se pleadings liberally and to afford him the benefit of

any doubt.  Brown v. Rumsfeld, 211 F.R.D. 601.


II:

DEFENDANT WEXFORD SHOULD NOT BE ALLOWED TO SEEK DISMISSAL OF COMPLAINT BASED ON THE DEFENSE THAT IT FAILS TO ALLEGE A WEXFORD POLICY OR A WEXFORD EMPLOYEE WERE INVOLVED IN THE VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS; WHERE WEXFORD HAS REFUSED TO DISCLOSE THIS REQUESTED EVIDENCE TO PLAINITFF.

Defendant WEXFORD claims plaintiff's claim should be dismissd because it should not be held accountable for the violation of Plaintiff's constitutional rights.  This defendant says that the complaint does not prove that a Wexford policy or a Wexford employee were involved in such violation.  In the first instance this is a issue or defense to be determined by the jury at trial.  Such a defense asserted at this time and in this stage of the proceedings is frivolous in view of the fact that Defendant WEXFORD has objections pending and have actually refused to disclose the evidence of its involvement in response to Plaintiff's specific discovery requests for it.

(P-7)

Wexford's stated defense can not serve to dismiss the complaint because a well-plead claim may be dismissed "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'" Alvarado v. Litscher, 267 F.3d 648, 651; Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99.

WHEREFORE, for these reasons, Plaintiff RONNIE V. JOHNSON prays that Defendants WEXFORD and SCHAEFER's motion to dismiss Plaintiff's complaint be DENIED.

_____
Plaintiff Pro Se

SUBSCRIBED and SWORN to
before me on this ___ day
of March 2005.

NOTARY PUBLIC: _____

(P-8)