UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
MAR 0 7 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| RONNIE V. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 04-2110 |
| WEXFORD HEALTH SOURCES, INC., MARY MILLER, HEALTH CARE UNIT ADMINISTRATOR, DOCTOR RONALD SCHAEFER, MD, | ) HONORABLE Harold A. Baker Presiding Judge |
| Defendants. | ) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANT DOCTOR RONALD SCHAEFER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro se Plaintiff, RONNIE V. JOHNSON, propounds the following interrogatories to Defendant Doctor RONALD SCHAEFER. Plaintiff requests that each interrogatory be answered separately and fully by defendant Doctor RONALD SCHAEFER, in writing, under oath, within the time and manner prescribed by Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise defined in a specific interrogatory:

01. Wherever appropriate in these interrogatories, the form of a word shall be interpreted as plural.

02. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

03. The answer to each interrogatory shall include such knowledge of the defendant as is within his custody, possession, or control. Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, each answer should so state, and specifically describe or identify the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or portion thereof by either actual knowledge or information and belief, the answer should describe the defendant's efforts to obtain such information.

whole or in part because he/she is unable to do so or otherwise, identify such person who the defendant believes has information regarding the subject of the interrogatory.

    05.  **"You," "your"** or **"defendant"** refers to WEXFORD HEALTH SOURCES, INC., MARY MILLER and/or DOCTOR RONALD SCHAEFER, defendants in this cause, or any or all of his/her present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his/her behalf.

    06.  **"Person"** as used in these interrogatories means any individual or entity such as a corporation, partnership, association, governmental body, agency, or other organization.

    07.  As used herein, **"relating"** shall mean consisting of, referring to, reflecting, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part.

    08.  As used herein, **"document"** shall mean any writing and any other tangible thing subject to inspection under Rule 34 of the Federal Rules of Civil Procedure, including the original and each non-identical copy (whether different from the original by reason of notations made on such copy or otherwise), which is in the custody, possession, or control of the defendant upon whom this is served, or his/her present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his/her behalf --- whether printed, typewritten, recorded in any form, reproduced by any process, or written or produced by hand --- including, but not limited to affidavits, letters, notes, correspondence, telegrams, memoranda, summaries or records of oral conversations, diaries, calendars, logs, financial accounting, or bookkeeping work papers, worksheets, ledgers, journals, receipts, records, reports, summaries, evaluations, investigations, or supervisory evaluations, bookkeeping reports prepared by any auditors, accountants, graphs, tape recordings, plans, drawings, diagrams, minutes or memoranda of meetings, minutes or reports of conferences, expressions or statements of policy, rules, or regulations, lists of persons attending meetings or conferences, opinions or reports of consultants, opinions or reports of experts of any sort, records or summaries of negotiations, press releases, drafts of any document, revision of drafts of any document, original or preliminary notes, and all other writings, records, or communications of any kind, including all data sorted by electronic, mechanical, or magnetic means and printouts of data sorted by electronic, mechanical, or magnetic means.

    09.  The term **"date"** means the exact month, day, and year, if known, or if not known, defendant should state his/her best approximation thereof.

- 2 -

10.  **"Oral communication"** refers to all statements, admissions, denials, inquiries, discussions, conversations, negotionations, agreements, understandings, meetings, telephone conversations, or any other form of oral intercourse by any medium.

11.  **"Identify"** when used in connection with natural persons, shall mean the full name, present or last known business address, present or last known home address, the occupation of that person during the time period covered by these interrogatories, and the relationship, if any, of that person to you.

12.  **"Identify"** when used in connection with documents shall mean identification of what type of document it is (e.g., letter, report, memorandum, check, contract, etc.), its author, address, title, date on which it was prepared, all known recipients of the documents, the person currently having custody or control of the document, where the document is currently located and a brief description of its subject matter and size. Unless otherwise indicated, documents to be identified whether in the United States or outside the United States, and other documents of which you have knowledge.

13.  **"Identify"** when used in connection with oral communications shall mean the time, date, place, and medium of the oral communications, the identity of the persons who participated in the oral communication, the identity of the persons who heard the oral communication, and the identity of the persons who initiated the oral communication.

14.  **"Identify"** when used in connection with an act shall mean a description of the act, including the date, place, and time of its occurrence, the persons that engaged in the act, and the persons that initiated the act.

15.  If defendant contends that the answer to any interrogatory or any part thereof is privileged in whole or in part, or otherwise objects to any interrogatory or contends that any identified documents would be excludable from production to the plaintiff in discovery regardless of its relevance, state the reasons for such objection or ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which the privilege or other ground is asserted.

16.  To the extent that answers to some interrogatories may overlap in part with other answers by defendant in response to these interrogatories, defendant may first answer these interrogatories by reference to his/her prior answer, and then provide the supplemental information requested in these interrogatories.

## INTERROGATORIES

1.  IDENTIFY yourself, giving your full name, business address, and occupation and the position you hold with DEFENDANT.

**ANSWER:**

2.  IDENTIFY all persons who assisted you in preparing responses to these interrogatories.

**ANSWER:**

3.  Have you made a diligent search of all DEFENDANT'S books, records, and papers, and a diligent inquiry of all agents and employees of DEFENDANT, with a view to obtaining all information available in this action?

**ANSWER:**

4.  Describe in detail the exact nature of the DEFENDANT"S business operation and state the type of managed care organization (e.g., health maintenance organization, preferred provider organization, exclusive provider arrangement, point-of-service arrangement.)

**ANSWER:**

    5.  Describe the procedures for periodic monitoring of all DEFENDANT'S network physicians, including the frequency of such monitoring, who evaluates the physicians' performance, and the criteria used for evaluation.

**ANSWER:**

    6.  If you will do so without formal demand for the production of documents, please attach to your answers to these interrogatories a copy of all policies, directives, clinical guidelines or other statements setting out a standard medical practice for primary care physicians employed by or under contract to DEFENDANT.

    7.  Provide a copy of the written contract between DEFENDANT and Dr. RONALD SCHAEFER in effect at the time of the alleged claims set forth in the complaint.

    8.  With respect to DEFENDANT'S network physicians, please state the following:

        (a)  is Dr. RONALD SCHAEFER bound by the terms of the contract that DEFENDANT has worked out with the Illinois Department of Corrections;

        (b)  is Dr. RONALD SCHAEFER bound by contract to ration expensive treatments, so that he must look for reasons not to treat;

        (c)  are physicians who work for DEFENDANT not allowed to prescribe medical care on an individual basis that is going to cost around $20,000 a year; and

        (d)  is there more of money than of medicine behind the decision to deny treatment?

ANSWER:

      9. When it comes to hepatitis-C, does DEFENDANT and the Illinois Department of Corrections consider "good medical practice" that set forth by the Federal Bureau Of Prisons? If so, state the following:

      (a)   what are the Federal Bureau Of Prisons eligibility guidelines;

      (b)   what are the Federal Bureau Of Prisons contraindications that disqualify inmates from receiving treatment; and

      (c)   are treatment decisions left up to DEFENDANT and network physicians who work for them?

ANSWER:

      10. When deciding whether a hepatitis-C patient is likely to benefit from treatment, is standard practice to consider the state of the liver? If so, please state the following:

      (a)   does standard medical practice call for biopsy to detect early stages of cirrhosis and assessing damage to the liver;

      (b)   is there any way to definitively assess the state of the liver without a biopsy; and

      (c)   does DEFENDANT encourage network physicians to deny inmates access to necessary medical procedures and that Dr. RONALD SCHAEFER receives financial rewards for delaying or denying diagnostic tests.

ANSWER:

**ANSWER:**

    11. When confronted with the costly management of diseases, does DEFENDANT encourage network physicians to find pseudomedical reasons for denying treatment? If not, please state the following:

        (a) what are the number of inmates in the Illinois Department of Corrections known to have hepatitis C and how many inmates are currently being treated for hepatitis C;

        (b) after an inmate is diagnosed positively for infectious disease, are network physicians typically encouraged to "find every single reason in the book to deny treatment;

        (c) does DEFENDANT'S contractual agreement encourage network physicians to glom over medical facts and to write off inmates for consideration; and

        (d) are network physicians awarded compensation for every deferral of treatment avoided?

**ANSWER:**

 

_____
RONNIE V. JOHNSON, Plaintiff

SUBSCRIBED and SWORN to before me
this 24th day of January 2005.

_____
Notary Public

## PROOF OF SERVICE

The undersigned certifies that a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT WEXFORD HEALTH SOURCES, INC., was served upon the attorney of record for defendant Wexford Health Sources, Inc., by enclosing the same in an envelope addressed to such attorney at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Danville, Illinois, on the 24th day of January, 2005.

_____
RONNIE V. JOHNSON, Plaintiff

SUBSCRIBED and SWORN to before me this 24th day of January 2005.

_____
Notary Public

Richard P. Klaus - Keith Brandon Hill
**HEYL, ROYSTER, VOELKER & ALLEN**
Suite 300, 102 E. Main Street
Urbana, Illinois, 61803 - 0129