**FILED**

UNITED STATES DISTRICT COURT Monday, 07 March 2005 04:52:29 PM
CENTRAL DISTRICT OF ILLINOIS    Clerk, U.S. District Court, ILCD
URBANA DIVISION    MAR 0 7 2005

|  |  |
|---|---|
| RONNIE V. JOHNSON, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MARY MILLER, HEALTH CARE UNIT | ) |
| ADMINISTRATOR, DOCTOR RONALD | ) |
| SCHAEFER, MD, | ) |
|  | ) |
| Defendants. | ) |

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

CASE NO. 04-2110

HONORABLE Harold A. Baker
Presiding Judge

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## DIRECTED TO DEFENDANT WEXFORD HEALTH SOURCES, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro se Plaintiff, RONNIE V. JOHNSON, propounds the following interrogatories to Defendant WEXFORD HEALTH SOURCES, INC.. Plaintiff requests that each interrogatory be answered separately and fully by Defendant WEXFORD HEALTH SOURCES, INC., in writing, under oath, within the time and manner prescribed by Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

Unless otherwise defined in a specific interrogatory:

01. Wherever appropriate in these interrogatories, the form of a word shall be interpreted as plural.

02. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

03. The answer to each interrogatory shall include such knowledge of the defendant as is within his/her custody, possession, or control. Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, each answer should so state, and specifically describe or identify the source or soruces of such information and belief. Should defendant be unable to answer any interrogatory or portion thereof by either actual knowledge or information and belief, the answer should describe the defendant's efforts to obtain such information.

04. If defendant does not answer an interrogatory in whole

- 1 -

04. If defendant does not answer an interrogatory in whole or in part because he is unable to do so or otherwise, identify such person who the defendant believes has information regarding the subject of the interrogatory.

05. **"You," "your"** or **"defendant"** refers to WEXFORD HEALTH SOURCES, INC., MARY MILLER and/or DOCTOR RONALD SCHAEFER, defendants in this cause, or any or all of his present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his behalf.

06. **"Person"** as used in these interrogatories means any individual or entity such as a corporation, partnership, association, governmental body, agency, or other organization.

07. As used herein **"relating"** shall mean consisting of, referring to, reflecting, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part.

08. As used herein, **"document"** shall mean any writing and any other tangible thing subject to inspection under Rule 34 of the Federal Rules of Civil Procedure, including the original and each non-identical copy (whether different from the original by reason of notations made on such copy or otherwise), which is in the custody, possession, or control of the defendant upon whom this is served, or his present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his behalf --- whether printed, typewritten, recorded in any form, reproduced by any process, or written or produced by hand --- including, but not limited to affidavits, letters, notes, correspondence, telegrams, memoranda, summaries of records of oral conversations, diaries, calendars, logs, financial accounting, or bookkeeping work papers, worksheets, ledgers, journals, receipts, records, reports, summaries, evaluations, investigations, or supervisory evaluations, bookkeeping reports prepared by any auditors, accountants, graphs, tape recordings, plans, drawings, diagrams, minutes or memoranda of meetings, minutes or reports of conferences, expressions or statements of policy, rules, or regulations, lists of persons attending meetings or conferences, opinions or reports of consultants, opinions or reports of experts of any sort, records or summaries of negotiations, press releases, drafts of any document, revision of drafts of any document, original or preliminary notes, and all other writings, records, or communications of any kind, including all data sorted by electronic, mechanical, or magnetic means and printouts of data sorted by electronic, mechanical, or magnetic means.

09. The term **"date"** means the exact month, day, and year, if known, or if not known, defendant should state his best approximation thereof.

- 2 -

10. **"Oral communication"** refers to all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, or any other form of oral intercourse by any medium.

11. **"Identify"** when used in connection with natural persons, shall mean the full name, present or last known business address, the occupation of that person during the time period covered by these interrogatories, and the relationship, if any, of that person to you.

12. **"Identify"** when used in connection with documents shall mean identification of what type of document it is (e.g., letter, report, memorandum, check, contract, etc.), its author, address, title, date on which it was prepared, all known recipients of the documents, the person currently having custody or control of the document, where the document is currently located and a brief description of its subject matter and size.

13. **"Identify"** when used in connection with oral communications shall mean the time, date, place, and medium of the oral communications, the identity of the persons who participated in the oral communication, the identity of the persons who heard the oral communication, and the identity of the persons who initiated the oral communication.

14. **"Identify"** when used in connection with an act shall mean a description of the act, including the date, place, and time of its occurrence, the persons that engaged in the act, and the persons that initiated the act.

15. If defendant DOCTOR RONALD SCHAEFER contends that the answer to any interrogatory or any part thereof is priviledged in whole or in part, or otherwise objects to any interrogatory or contends that any identified documents would be excludable from production to the Plaintiff in discovery regardless of its relevance, state the reasons for such objection or ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which the priviledge or other ground is asserted.

16. To the extent that answers to some interrogatories may overlap, in part with other answers by defendant in response to these interrogatories, defendant DOCTOR RONALD SCHAEFER may first answer these interrogatories by reference to his prior answer, and then provide the supplemental information requested in these interrogatories.

## INTERROGATORIES

1.    IDENTIFY yourself, giving your full name, business address, and occupation and the position(s) you hold with WEXFORD HEALTH SOURCES, INC., and the Illinois Department of Corrections.

**ANSWER:**

2.    With respect to your present or former employment with the State of Illinois, Danville Correctional Center, please state the following:

        (a)    your position(s) of employment;

        (b)    name and address of your employer;

        (c)    a brief description of your duties;    and

        (d)    whether or not you are and/or were a con-
             tractual employee.

**ANSWER:**

3.    Do you have a contractural agreement regarding the work duties and/or services you perform for WEXFORD HEALTH SOURCES, INC.?    If so, state the terms thereof and the amount of any compensation you receive for performing such work duties and/or services?

**ANSWER:**

- **4** -

4.  Explain any and all managerial duties and/or services
you perform or performed either for or in the interest of WEX-
FORD HEALTH SOURCES, INC. at the Danville Correctional Center?
If so, please state the following:

> (a)  amount of any compensation or consideration you
> receive for performing such managerial duties
> and/or services;

> (b)  are you bound by the terms of the contract that
> WEXFORD HEALTH SOURCES, INC. has worked out
> with the Illinois Department of Corrections;
> and

> (c)  are you bound by the terms of the contract to
> ration expensive treatments, so that you must
> look for reasons not to treat?

**ANSWER:**

5.  Have you entered into any agreement with WEXFORD HEALTH
SOURCES, INC., or with or with any other defendant named in this
case to create or to use any policy or criteria of treatment or
to use any policy or criteria of treatment plans?  If so, list
the plicies or criteria set for the treatment of any and all
medical conditions at the Illinois Department of Corrections,
Danville Correctional Center?

**ANSWER:**

6.  During the time period of your employment at Danville
Correctional Center, were you personally responsible for the
medical health care needs of Plaintiff RONNIE V. JOHNSON?  If so,
please provide the following:

> (a)  your job duties and responsibilities at the
> time of the incident(s) alleged in the complaint;

- 5 -

(b) your training and experience in order to per-
form the duties identified in part (a) above;

(c) the extent of your formal education, including
names and dates of schools attended, nature of
course of study and degrees received;

(d) a description of your training in both intern-
al medicine and gastroenterology and related
fields;   and

(e) what is your area of academic and professional
specialization?

**ANSWER:**

7.  Did Plaintiff RONNIE V. JOHNSON request medical atten-
tion for Plaintiff's diagnosed positive infection whith hapatitis
C virus?  If so, please state the following:

(a) the length of time after Plaintiff was diagnosed
positive with hepatitis-C virus that Plaintiff
made the request(s);

(b) the name, position and title of the person(s) to
whom the request(s) was made;

(c) the action taken by said person(s) in response to
the request(s);

(d) the date(s) you were notified of the request(s);

(e) the means by which you were notified of the
requests(s);   and

(f) what actions, if any, you took in response to the
request(s)?

**ANSWER:**

- 6 -

8.    When deciding whether a hepatitis-C patient is likely to benefit from treatment, is standard practice to consider the state of the liver? If so, please state the following:

> (a) does standard medical practice call for biopsy to detect early stages of cirrhosis and assessing damage to the liver;
>
> (b) is there any way to definitively assess the state of the liver without a biopsy;
>
> (c) are you allowed to prescribe medical care on an individual basis that is going to cost around $20,000 a year; and
>
> (d) does WEXFORD HEALTH SOURCES, INC. encourage network physicians to deny inmates access to necessary medical procedures and that network physicians receive financial rewards for delaying or denying diagnostic tests?

**ANSWER:**

9.    With respect to each time Plaintiff was examined by a physician, nurse or medical staff personnel in connection with Plaintiff's infection with hepatitis-C virus, please state the following:

> (a) the date of the examination:
>
> (b) the place of the examination;
>
> (c) the identity of the person who conducted the examination and a description of such person's job title and job capacity;
>
> (d) the exact nature and scope of the examination that was given; and
>
> (e) the determination(s) or conclusion(s) reached as a result of the examination or evaluation.

**ANSWER:**

**ANSWER:**

10. Have you ever met, heard of, or had any contact with Plaintiff? If so, please state the following:

> (a) the date(s) that you had contact with Plaintiff;
>
> (b) the nature of your contact(s) with Plaintiff; and
>
> (c) the substance of any communications be-ween you and Plaintiff regarding the incidents alleged in the complaint?

**ANSWER:**

11. When inmates have medical problems that cannot be ap-propriately evaluated and/or treated at Danville Correctional Center, please state the following:

> (a) where the prisoner is sent for the appropriate evaluation and/or treatment:
>
> (b) the identity of the person or persons who make the determination that a prisoner does or does not require medical evaluation and/or treat-ment outside of the prison facility;
>
> (c) the normal period of time between the time a determination is made that a prisoner re-quires outside medical evaluation and/or treatment and the actual receipt of the outside medical evaluation and/or treatment?

**ANSWER:**

- 8 -

**ANSWER:**

     12.    State with particularity why Plaintiff, who tested positively for infection with hepatitis-C virus on January 5, 2004, was not given standard follow-up diagnostic tests and a liver biopsy, to more definitely assess and determine the de- gree of liver damage and/or the Plaintiff's serious medical need for evaluation by a liver specialist?

**ANSWER:**

     13.    When confronted with the costly management of diseases, does WEXFORD HEALTH SOURCES, INC. encourage network physicians to find pseudomedical reasons for denying treatment?  If not, please state the following:

        (a)    after an inmate is diagnosed positively for in- fectious disease, are network physicians typic- ally encouraged to "find every single reason in the book to deny treatment";

        (b)    does WEXFORD HEALTH SOURCES, INC.'s contractural agreement with network physicians encourage the same to glom over medical facts and to write off inmates for consideration;  and

        (c)    are network physicians awarded compensation for every deferral of medical treatment avoided?

**ANSWER:**

14. Please identify, by full name, all persons known to you who have or claim to have personal knowledge of facts relating to the incidents alleged in Plaintiff's complaint.

**ANSWER:**

15. Have you or any of your agents or representatives taken or caused to be taken any statement or interview of any person possessing knowledge concerning any of the claims asserted in this litigation or any of the transactions or occurrences alleged to give rise to such claims? If so, with respect to each statement or interview, please state the following:

> (a) the identity of the person who took the statement or interview, and all other persons present;
>
> (b) the identity of the person who gave the statement or interview;
>
> (c) the date of the statement or interview;
>
> (d) the reason(s) for the statement or interview;
>
> (e) the substance of the statement or interview; and
>
> (f) the manner in which the statement or interview was memorialized (for example, oral, written, transcribed, recorded).

**ANSWER:**

16.    Identify the name, address and telephone number of each and every person whom you expect to call as an expert witness at the trial of this case.  As to each expert, please state the following:

        (a)    the subject matter on which the expert is expected to testify;

        (b)    the substance of facts and opinions to which the expert is expected to testify;  and

        (c)    a summary of the grounds for each opinion.

**ANSWER:**

17.    For each and every policy, practice, custom, rule or procedure and contractural agreement identified in your fore-going answers to interrogatories, please state:

        (a)    whether said policy, practice, custom, rule or procedure and contractural agreement was writ-ten or oral:

        (b)    if written, identify any and all documents con-taining said policy, practice, custom, rule or procedure and contractural agreement;

        (c)    the author(s) of said policy, practice, custom, rule or procedure and contractural agreement; and

        (d)    the effective dates of said policy, practice, custom, rule or procedure and contractural agreement.

**ANSWER:**

18.   If you will do so without a formal demand for the production of documents, please attach to your answers to these interrogatories copies of all the documents referred to in answer to question numbers three and five.

_R— V. J√_
RONNIE V. JOHNSON, Plaintiff

SUBSCRIBED and SWORN to before me

this 2ᵗʰ day of January  2005.

NOTARY PUBLIC

– 12 –

**PROOF OF SERVICE**

    The undersigned certifies that a copy of the PLAINTIFF'S
FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT DOCTOR
RONALD SCHAEFER was served upon the attorney of record for
defendant Doctor RONALD SCHAEFER by enclosing the same in an
envelope addressed to such attorney at their business address
as disclosed by the pleadings of record herein, with postage
fully prepaid, and by depositing said envelope in a U.S. Postage
Office Box in Danville, Illinois, on the 24th day of January,
2005.

$R$ v. $JJ2$

RONNIE V. JOHNSON, Plaintiff

Richard P. Klaus - Keith Brandon Hill
**HEYL, ROYSTER, VOELKER & ALLEN**
Suite 300, 102 E. Main Street
Urbana, Illinois, 61803 - 0129

SUBSCRIBED and SWORN to before me

this 24th day of January , 2005.

_____
NOTARY PUBLIC