E-FILED
Thursday, 24 March, 2005 01:46:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 04-2110 |
| vs. ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MARY MILLER, HEALTH CARE UNIT ) | HONORABLE Harold A. Baker |
| ADMINISTRATOR, DOCTOR RONALD ) | Presiding Judge |
| SCHAEFER, MD, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
DIRECTED TO DEFENDANT MARY MILLER**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Pro se Plaintiff, RONNIE V. JOHNSON, propounds the following interrogatories to Defendant MARY MILLER. Plaintiff requests that each interrogatory be answered separately and fully by defendant MARY MILLER, in writing, under oath, within the time and manner prescribed by Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

Unless otherwise defined in a specific interrogatory:

01. Wherever appropriate in these interrogatories, the form of a word shall be interpreted as plural.

02. **"And"** as well as **"or"** shall be construed either disjunctively or conjunctively, as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

03. The answer to each interrogatory shall include such knowledge of the defendant as is within his/her custody, possession, or control. Where facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, each answer should so state, and specifically describe or identify the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or portion thereof by either actual knowledge or information and belief, the answer should describe the defendant's efforts to obtain such information.

04. If defendant does not answer an interrogatory in whole or in part because he/she is unable to do     or otherwise, identify

- 1 -

such person who the defendant believes has information regarding the subject of the interrogatory.

     05.  **"You," "your" or "defendant"** refers to WEXFORD HEALTH SOURCES, INC., MARY MILLER and/or DOCTOR RONALD SCHAEFER, defendants in this cause, or any or all of his/her present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his/her behalf.

     06.  **"Person"** as used in these interrogatories means any individual or entity such as a corporation, partnership, association, governmental body, agency, or other organization.

     07.  As used herein, **"relating"** shall mean consisting of, referring to, reflecting, having any relationship to, pertaining to, evidencing or constituting evidence of, in whole or in part.

     08.  As used herein **"document"** shall mean any writing and any other tangible thing subject to inspection under Rule 34 of the Federal Rules of Civil Procedure, including the original and each non-identical copy (whether different from the original by reason of notations made on such copy or otherwise), which is in the custody, possession, or control of the defendant upon whom this is served, or his/her present or former employers, agents, representatives, attorneys, or other persons acting or purporting to act on his/her behalf --- whether printed, typewritten, recorded in any form, reproduced by any process, or written or produced by hand --- including, but not limited to affidavits, letters, notes, correspondence, telegrams, memoranda, summaries or records of oral conversations, diaries, calendars, logs, financial accounting, or bookkeeping work papers, worksheets, ledgers, journals, receipts, records, reports, summaries, evaluations, investigations, or supervisory evaluations, bookkeeping reports prepared by any auditors, accountants, graps, tape recordings, plans, drawings, diagrams, minutes or memoranda of meetings, minutes or reports of conferences, expressions or statements of policy, rules, or regulations, lists of persons attending meetings or conferences, opinions or reports of consultants, opinions or reports of experts of any sort, records or summaries of negotiations, press releases, drafts of any document, revision of drafts of any document, original or preliminary notes, and all other writings, records, or communications of any kind, including all data sorted by electronic, mechanical, or magnetic means and printouts of data sorted by electronic, mechanical, or magnetic means.

     09.  The term **"date"** means the exact month, day, and year, if known, or if not known, defendant should state his/her best approximation thereof.

10. **"Oral communication"** refers to all statements, admissions, denials, inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, or any other form of oral intercourse by any medium.

11. **"Identify"** when used in connection with natural persons, shall mean the full name, present or last known business address, the occupation of that person during the time period covered by these interrogatories, and the relationship, if any, of that person to you.

12. **"Identify"** when used in connection with documents shall mean identification of what type of document it is (e.g., letter, report, memorandum, check, contract, etc.), its author, adress, title, date on which it was prepared, all known recipients of the documents, the person currently having custody or control of the document, where the document is currently located and a brief description of its subject matter and size.

13. **"Identify"** when used in connection with oral communications shall mean the time, date, place, and medium of the oral communications, the identity of the persons who participated in the oral communication, the identity of the persons who heard the oral communication, and the identity of the persons who initiated the oral communication.

14. **"Identify"** when used in connection with an act shall mean a description of the act, including the date, place, and time of its occurrence, the persons that engaged in the act, and the persons that initiated the act.

15. If defendant MARY MILLER contends that the answer to any interrogatory or any part thereof is privileged in whole or in part, or otherwise objects to any interrogatory or contends that any identified documents would be excludable from production to the Plaintiff in discovery regardless of its relevance, state the reasons for such objection or ground for exclusion, and identify each person having knowledge of the factual basis, if any, on which the priviledge or other ground is asserted.

16. To the extent that answers to some interrogatories may overlap in part with other answers by defendant in response to these interrogatories, defendant MARY MILLER may first answer these interrogatories by reference to her prior answer, and then provide the supplemental information requested in these interrogatories.

## INTERROGATORIES

1. For the person answering these interrogatories, please provide the following:

    (a) your full name:

    (b) the extent of your formal education, including names and dates of schools attended, nature of course of study and degrees received; and

    (c) a description of your training in medical health care administration and related fields.

**ANSWER:**


2. With respect to your employment with the State of Illinois, Danville Correctional Center, please state the following:

    (a) your present position of employment;

    (b) name and address of your employer;

    (c) a brief description of your duties; and

    (d) whether or not you are a contractual employee.

**ANSWER:**


3. Do you have a contractual agreement regarding the work duties and/or services you perform for defendant WEXFORD HEALTH SOURCES, INC.? If so, state the terms thereof and the amount of any compensation you receive for performing such work duties and or services?

**ANSWER:**

- 4 -

    4. Explain any and all managerial duties and/or services you perform either for or in the interest of defendant WEXFORD HEALTH SOURCES, INC., at the Danville Correctional Center? If so, state the amount of any compensation or consideration you receive for performing such managerial duties and/or services?

**ANSWER:**

    5. Have you entered into any agreement with defendant WEXFORD HEALTH SOURCES, INC., or with any other defendant named in this case to create or to use any policy or criteria of treatment plans? If so, list the policies or criteria set for the treatment of any and all medical conditions at the Danville Correctional Center?

**ANSWER:**

    6. Identify all persons who from January 5, 2004, until January 5, 2005, were responsible for the medical health care of Plaintiff RONNIE V. JOHNSON at Danville Correctional Center, and for each such person, please provide:

    (a)  their full name;

    (b)  their current work address;

    (c)  their job title and duties and responsibilities, both currently and at the time of the incident(s) alleged in the complaint;

    (d)  the training and experience each has had in order to perform the duties identified in part (c) above; and

    (e)  a description of his or her employment history with the Danville Correctional Center, including any complaints made by inmates or co-workers and any disciplinary actions taken against them.

**ANSWER:**




7.  Did Plaintiff RONNIE V. JOHNSON request medical attention for Plaintiff's diagnosed positive infection with hepatitis C virus? If so, please state the following:

    (a) the length of time after Plaintiff was diagnosed positive with hepatitis-C virus that Plaintiff made the request(s);

    (b) the name, position and title of the person(s) to whom the request(s) was made;

    (c) the action taken by said person(s) in response to the request(s);

    (d) the date(s) you were notified of the request(s);

    (e) the means by which you were notified of the request(s); and

    (f) what actions, if any, you took in response to the request(s)?

**ANSWER:**




8.  State with particularity why Plaintiff, who tested positively for infection with hepatitis-C virus on January 5, 2004, was not given standard follow-up diagnostic tests and a liver biopsy, to more definitely assess and determine the degree of liver damage and/or the Plaintiff's serious medical need for evaluation by a liver specialist?

**ANSWER:**

      9. For the past five years, please state the following with respect to inmates' access to medical care, evaluation and treatment at Danville Correctional Center:

      (a)  who was responsible for supervising inmates access to outside medical care, evaluation and treatment;

      (b)  on how many occasions were complaints received that inmates were not provided adequate medical evaluation and treatment at the Danville Correctional Center:

      (c)  what actions were taken in response to each instance referred to in answer to (b) above;

      (d)  who determined whether an inmate's condition was sufficiently serious to require outside medical attention, evaluation and/or treatment; and

      (e)  please state with specificity the rule, regulation, or policy regarding inmates' access to outside medical care, evaluation and/or treatment at the Danville Correctional Center.

**ANSWER:**

      10. With respect to each time Plaintiff was examined by a physician, nurse or medical staff personnel in connection with Plaintiff's infection with hepatitis-C virus, please state the following:

      (a)  the date of the examination;

      (b)  the place of the examination;

      (c)  the identity of the person who conducted the examination and a description of such person's job title and job capacity;

      (d)  the exact nature and scope of the examination that was given; and

      (e)  the determination(s) or conclusion(s) reached as a result of the examination or evaluation.

**ANSWER:**

**ANSWER:**




11. Identify all physicians, nurses and medical staff personnel who are employed or otherwise retained and/or engaged by the State of Illinois, Danville Correctional Center, to provide medical care to prisoners and with respect to each such physician, nurse and medical staff employee, please state the following:

    (a) his or her job title or capacity with the Danville Correctional Center;

    (b) the inclusive dates such person has been employed, retained or engaged by the Danville Correctional Center;

    (c) a description of the medical care and/or treatment that the person provides to prisoners; and

    (d) the hours the person is available to provide medical care or treatment to prisoners at the Danville Correctional Center.

**ANSWER:**




12. When prisoners have medical problems that cannot be appropriately evaluated and/or treated at Danville Correctional Center, please state the following:

    (a) where the prisoner is sent for the appropriate evaluation and/or treatment;

    (b) the identity of the person or persons who make the determination that a prisoner does or does not require medical evaluation and/or treatment outside of the prison facility;

      (c)    the procedures for transferring a prisoner to an outside medical facility; and

      (d)    the normal period of time between the time a determination is made that a prisoner requires outside medical evaluation and/or treatment and the actual receipt of the outside medical evaluation and/or treatment.

**ANSWER:**

13. For the past five years, please state the following with respect to inmates' being denied access to a specialist, being refused or delayed evaluation and/or treatment, and withholding of other diagnostic tests:

      (a)    does the Illinois Department of Corrections make treatment decisions;

      (b)    are treatment decisions left to the discretion of defendant WEXFORD HEALTH SOURCES, INC., and the physicians who work for them;

      (c)    are physicians who are employed at Danville Correctional Center bound by the terms of the contract that their employer has worked out with the Illinois Department of Corrections;

      (d)    do you receive financial incentives or rewards for delaying, deferring or denying treatment of inmates serious illnesses; and

      (e)    the number of inmates infected with hepatitis C virus at Danville Correctional Center and what number of such persons are receiving appropriate medical care.

**ANSWER:**

14. Have you ever met, heard of, or had any contact with Plaintiff? If so, please state the following:

    (a) the date(s) that you had contact with Plaintiff;

    (b) the nature of your contact(s) with Plaintiff; and

    (c) the substance of any communications between you and Plaintiff regarding the incidents alleged in the complaint.

**ANSWER:**




15. Please identify, by full name all persons known to you who have or claim to have personal knowledge of facts relating to the incidents alleged in Plaintiff's complaint.

**ANSWER:**




16. Have you or any of your agents or representatives taken or caused to be taken any statement or interview of any person possessing knowledge concerning any of the claims asserted in this litigation or any of the transactions or occurrences alleged to give rise to such claims? If so, with respect to each statement or interview, please state the following:

    (a) the identity of the person who took the statement or interview, and all other persons present;

    (b) the identity of the person who gave the statement or interview;

    (c) the date of the statement or interview;

    (d) the reason(s) for the statement or interview;

   (e) the substance of the statement or interview; and

   (f) the manner in which the statement or interview was memorialized (for example, oral, written, transcribed, recorded).

**ANSWER:**

17. Identify the name, address and telephone number of each and every person whom you expect to call as an expert witness at the trial of this case. As to each expert, please state the following:

   (a) the subject matter on which the expert is expected to testify;

   (b) the substance of facts and opinions to which the expert is expected to testify; and

   (c) a summary of the grounds for each opinion.

**ANSWER:**

18. For each and every policy, practice, custom, rule or procedure identified in your foregoing answers to interrogatories, please state:

   (a) whether said policy, practice, custom, rule or procedure was written or oral;

   (b) if written, identify any and all documents containing said policy, practice, custom, rule or procedure;

   (c) the author(s) of said policy, practice, custom, rule, or procedure; and

- 11 -

    (d) the effective dates of said policy, custom, practice, rule, or procedure.

**ANSWER:**

19. If you will do so without a formal demand for the production of documents, please attach to your answers to these interrogatories copies of all the documents referred to in answer to question numbers five, nine and eighteen.


_____
Ronnie V. Johnson, Plaintiff

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06


SUBSCRIBED and SWORN to before me this \_\_\_\_ day of _____, 2005.

_____
NOTARY PUBLIC

- 12 -

## PROOF OF SERVICE

The undersigned certifies that a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT MARY MILLER was served upon the attorney of record for defendant Mary Miller by enclosing the same in an envelope addressed to such attorney at their business address as disclosed by the pleadings of record herein, with postage fully prepaid, and by depositing said envelope in a U.S. Post Office Box in Danville, Illinois, on the 18th day of January, 2005.

_____
Ronnie V. Johnson, Plaintiff

Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, IL.  62706

COUNSEL OF RECORD

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06

SUBSCRIBED and SWORN to before me this 18th day of January, 2005.

_____
NOTARY PUBLIC

- 13 -

**Motions**
2:04-cv-02110-HAB-DGB Johnson v. Wexford Health, et al

## U.S. District Court

## Central District of Illinois

Notice of Electronic Filing

The following transaction was received from Choate, Kelly R entered on 2/15/2005 at 3:24 PM CST and filed on 2/15/2005

**Case Name:** Johnson v. Wexford Health, et al
**Case Number:** 2:04-cv-2110
**Filer:** Mary . Miller
**Document Number:** 28

**Docket Text:**
MOTION for Extension of Time to Complete Discovery /*Answer Interrogatories* by Defendant Mary. Miller. Responses due by 3/1/2005 (Choate, Kelly)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1068668610 [Date=2/15/2005] [FileNumber=101708-0]
[28a2e287e7ca2ac8d93ae5c4b34365507911b8f79ec0109468a92f62ab2868a07db3
0807b5d33d614f555b943d86b357a8923f27d2a623be22dd294bb6fa9fc3]]

**2:04-cv-2110 Notice will be electronically mailed to:**

Kelly R Choate    kchoate@atg.state.il.us, jginter@atg.state.il.us,jedwards@atg.state.il.us,

Keith Brandon Hill    khill@hrva.com, urbecf@hrva.com

Richard P Klaus    rklaus@hrva.com, urbecf@hrva.com

**2:04-cv-2110 Notice will be delivered by other means to:**

Ronnie V Johnson
N12401
DC
Danville Correctional Center
3820 E Main St
Danville, IL 61834

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 04-2110 |
| vs. ) | |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MARY MILLER, HEALTH CARE UNIT ) | HONORABLE   Harold A. Baker |
| ADMINISTRATOR, DOCTOR RONALD ) | Presiding Judge |
| SCHAEFER, MD, ) | |
| ) | |
| Defendants. ) | |

## RULE TO SHOW CAUSE

THIS CAUSE COMING ON TO BE HEARD on Motion for Rule to Show Cause of Plaintiff RONNIE V. JOHNSON, the Court finds that good cause exists for the entry of a RULE TO SHOW CAUSE to prevent the dilatory acts of Defendant MARY MILLER and unauthorized delay in responding to the interrogatories properly asked of Defendant.

Accordingly, IT IS HEREBY ORDERED:

1) Defendant MARY MILLER shall forthwith respond fully and completely to every interrogatory asked of the Defendant.

2) Responses to interrogatories directed to Defendant MARY MILLER shall be deemed affirmed.


Entered this _____ day of _____, 2005


_____

- 1 -