UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

RONNIE V. JOHNSON,            )
                              )
            Plaintiff,        )
                              )   CASE NO. 04-2110
   vs.                        )
                              )
WEXFORD HEALTH SOURCES, INC., )
MARY MILLER, HEALTH CARE UNIT )   HONORABLE Harold A. Baker
ADMINISTRATOR, DOCTOR RONALD  )             Presiding Judge
SCHAEFER, MD,                 )
                              )
            Defendants.       )

## PLAINTIFF'S FIRST DOCUMENT REQUEST TO DEFENDANT MARY MILLER

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Pro se Plaintiff, RONNIE V. JOHNSON, hereby requests that defendant, MARY MILLER, produce the documents listed herein within 30 days, by providing the plaintiff with copies of the documents described herein in the defendant's possession, custody, or control.

   1. Any and all contractual agreements regarding the work duties and/or services performed for Wexford Health Sources, Inc.

   2. Any and all managerial duties and/or services performed for or in the interest of Wexford Health Sources, Inc., via the Danville Correctional Center.

   3. Any and all polices, directives, instructions to staff, or criteria of treatment plans set for the treatment of any and all medical conditions of inmates at Danville Correctional Center.

   4. Any and all grievances, complaints, or other documents received by defendant or her agents at Danville concerning inadequate medical evaluation and/or treatment of inmates by defendant Mary Miller, and any memoranda, investigative files, or other documents created in response to such documents, since January 1, 2000.

   5. The plaintiff's complete medical records from January 1987 thru January 1991.

March 1, 2005
RONNIE V. JOHNSON, N12401,
Plaintiff, Pro se
3820 East Main St.
Danville, IL. 61834

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, #N-12401, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 04-2110 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MARY MILLER, HEALTH CARE UNIT ) | |
| ADMINISTRATOR, DOCTOR RONALD ) | |
| SCHAEFER, MD, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MILLER'S RESPONSE TO
PLAINTIFF'S FIRST DOCUMENT REQUEST**

NOW COMES Defendant, Mary Miller, by her attorney, Lisa Madigan, Attorney General for the State of Illinois, and in response to Plaintiff's First Document Request states as follows:

1. Any and all contractural(sic) agreements regarding the work duties and/or services performed for Wexford Health Sources, Inc.

**Response: Defendant objects to the documents sought in request number 1 as irrelevant, inadmissible and not likely to lead to admissible evidence on the issue of whether Defendant Miller, who is not a Wexford employee, was deliberately indifferent to Plaintiff's serious medical needs. In addition, the request is overly broad, as the request asks for contracts reflecting work duties and/or services performed for Wexford Health Sources without consideration as to any specific duties or types of treatment, while Plaintiff's complaint only refers to the**

1

treatment he has received for Hepatitis C.  Moreover, Defendant Miller is not in a contractual relationship with Wexford Health Sources, and is not in possession of the contracts between Wexford and the Illinois Department of Corrections.

2.  Any and all managerial duties and/or services performed for or in the interest of Wexford Health Sources, Inc., via the Danville Correctional Center.

**Response:  Defendant objects to the information sought in request number 2 as irrelevant and overly broad.  Defendant Miller states she does not work for Wexford Health Sources and does not perform any duties on its behalf.**

3.  Any and all polices, directives, instructions to staff, or criteria of treatment plans set for the treatment of any and all medical conditions of inmates at Danville Correctional Center.

**Response:  Defendant objects to the information requested in request number 3 as overly broad and irrelevant to the issue of whether Defendant was deliberately indifferent to Plaintiff's serious medical needs.  The treatment of any condition other than Hepatitis C is not at issue in this case.  Notwithstanding said objection, Defendant Miller states she has provided Plaintiff, in response to his interrogatories, with thirty (30) pages of documents reflecting the Federal Bureau of Prison's guidelines for treatment of Hepatitis; guidelines that are also used at Danville Correctional Center.**

4.  Any and all grievances, complaints, or other documents received by defendant or her agents at Danville concerning inadequate medical evaluation and/or

treatment of inmates by defendant Mary Miller, and any memoranda, investigative files, or other documents created in response to such documents, since January 1, 2000.

**Response: Defendant objects to the information sought in request number 4 as overly broad, irrelevant, inadmissible and not likely to lead to admissible evidence. The only documents included in this request that might have relevance to his case are Plaintiff's own grievances, of which he should have copies in his possession.**

5.   The plaintiff's complete medical records from January 1987 thru January 1991.

**Response: Defendant objects to the documents requested in number 5 as available from a more convenient source. Plaintiff is able to obtain his own medical records by request from his current institution upon receipt of a release of information and payment of any copying fee.**

Respectfully submitted,

MARY MILLER,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois

Attorney for Defendant,

Kelly R. Choate, #6269533
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 782-9026

By: s/Kelly R. Choate
KELLY R. CHOATE
Assistant Attorney General

Of Counsel.

3