E-FILED
Friday, 17 June, 2005 01:25:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-2110 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MARY MILLER [Health Care Unit ) | **FILED** |
| Administrator], DOCTOR RONALD ) | JUN 17 2005 |
| SCHAEFER, MD, ) | |
| | JOHN M. WATERS, Clerk |
| | U.S. DISTRICT COURT |
| | CENTRAL DISTRICT OF ILLINOIS |

## OBJECTION

TO DEFENDANTS' MOTION FOR EXTENSION OF TIME and MOTION

TO STAY THEIR REQUIRED RESPONSE TO PLAINTIFF'S

MOTION FOR SUMMARY JUDGMENT

Comes Now RONNIE V. JOHNSON, Plaintiff in the above cause of action, pursuant to the Federal Rules of Civil Procedure, and hereby submits his OBJECTION to Defendants' motion for extension of time <u>and</u> motion to stay their required response to Plaintiff's motion for summary judgment. In support of this action, the following is submitted to the Court for due consideration:

(1.) On May 19, 2005, Plaintiff JOHNSON filed his Motion for Summary Judgment. It was properly filed under Fed.R.Civ.P. Rule 56 (a).

(Page One)

(2.)  Rule 56(a)(e) allows the Defendants a period of 20 days within which to respond to Plaintiff's motion for summary judgment from the date of its filing.  To gain an extension of that 20 day time period and to Stay their response to Plaintiff's summary judgment action; the Defendants caused to be filed a motion for extension and a motion to Stay their response to Plaintiff's motion for summary judgment.  In that, Defendant WEXFORD HEALTH SOURCES, INC., and Defendant DR. RONALD SCHAEFER, M.D., are seeking an extension of time of 21 days from the date the Court rules on their pending motions to dismiss, or alternatively until 21 days from the date the Court rules of their motion for extension of time.  Defendant MARY MILLER is seeking a Stay of her response to Plaintiff's motion for summary judgment until the Court has ruled on her pending motion to dismiss, in the alternative, she asks that, if the motion to Stay is denied, that she be allowed 14 days thereafter to submit her response to Plainitiff's summary judgment action.

(3.)  Regarding Defendants' assertions and contentions that Plaintiff's Motion for Summary Judgment is somewhat untimely and inappropriate due to pending motions to dismiss they caused to be filed at their option, instead of the required formal Answer, to Plaintiff's Complaint; such assertions and contentions do not and can not serve as good "cause" to delay their response to Plainitiff's summary judgment action.

(Page Two)

Under Rule 12(b) the exact defenses Defendants asserted in their pending motions to dismiss (i.e., the defenses of lack of jurisdiction over the person due to alleged immunity <u>and</u> the failure to state a claim upon which relief can be granted) were optionally filed by the Defendants. And, the optional assertions of those defenses to Plaintiff's Complaint by Defendants do not serve to postpone or defer the litigation of neither this case nor Plaintiff's summary judgment action until the Court makes a ruling on such motions to dismiss. <u>F.R.Civ.P., Rule 12 (b)</u>.

(4.)  In fact, in view of Defendants assertion of the defense of Plaintiff's alleged failure to state a claim upon which relief can be granted, they submitted matters outside the pleadings to the Court, their motions to dismiss must be treated as defacto motions for summary judgment and disposed of as provided in Rule 56. In that, their motions to dismiss argued beyond the pleadings associated with Plaintiff's Complaint when Defendants made argument that Plainitiff has made judicial admissions that contradicts his claim for relief (DEF. WEXFORD & SCHAEFER'S Motion to Dismiss, PP. 4-7); and, when they asserted by inference that Defendant WEXFORD has no policy that a WEXFORD employee followed that cause or resulted in Plaintiff's Eighth Amendment right to be violated (DEF. WEXFORD & SCHAEFER'S Motion to Dismiss, PP. 7-9). And, Defendant MARY MILLER submitted matters outside of the pleadings of the Complaint when she made argument that Plaintiff has made statements & he submitted documents in support of his

(Page Three)

Complaint which negates his claim against her (DEF. MILLER'S Motion to Dismiss, P. 8) <u>and</u>, when she asserted by inference that neither she nor any other medical personnel engaged in treating Plaintiff had the requisite subjective intent to cause Plaintiff harm by ignoring his medical needs (DEF. MILLER, Motion to Dismiss, PP. 8-9). Therefore, in the first instant, Defendants' claim that Plaintiff's summary judgment action is untimely & inappropriate due to the pending motions to dismiss they have caused to be filed fails where their motions to dismiss submits arguments and statements outside of the complaint and the Court has the discretion to convert those motions into a motion for summary judgment. <u>Rule 12(b), Fed.R.Civ.P.</u>; <u>Miller v. Glanz</u>, 948 F.2d 1562, 1565(10th Cir.1991); <u>Chandler v. Coughlin</u>, 763 F.2d 110, 113 (2d Cir. 1996).

(5.) Furthermore, Defendants' nonmeritorious and frivolous motion for extension of time and motion to Stay their required response to Plaintiff's summary judgment action must be denied, pursuant to this objection, where Defendants have indicated no good cause for the enlargement of time. They have not related to this Court any reason why they are unable able to file a timely response to Plaintiff's motion for summary judgment; and, Defendants have not submitted any affidavits to this Court to justify a delay in the resolution of Plaintiff's summary judgment action. <u>Rule 6(b); Rule 56(f)</u>, Fed.R.Civ.P.; <u>Terrell v. Brewer</u>, 935 F.2d 1015 (9th Cir.1991); <u>Barfield v. Brierton</u>, 883 F.2d 923, 931-33 (11th Cir. 1989) (in these cases the

(Page Four)

the district courts' refusals to adjourn summary judgment motions were upheld because the opposing party failed to show good cause or just reason for their requests for extensions of time.).

(6.)  Certainly, Plaintiff has submitted a prima facie case for the grant of summary judgment against the defendants.  Plaintiff's welbeing; good health and his life are involved in this serious case in which his serious medical condition have been and is being deliberately ignored by Defendants.  Thus, the plainly nonmeritoris and frivolous motions for enlargement of time filed by Defendants must denied.  Defendants know or should know that it is within the Court's discretion to resolve their motions to dismiss and Plaintiff's motion for summary judgment at the same time; therefore, no adjournment of the summary judgment action is necessary.

WHEREFORE, Plaintiff RONNIE V. JOHNSON do OBJECT to Defendants' motion for extension of time _and_ motion to stay their required response to Plaintiff's motion for summary judgment.

SUBSCRIBED and SWORN to before me on this 14th day of June, 2005.

_____
Plaintiff

NOTARY PUBLIC: _Elizabeth A. Robson_

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06

(Page Five)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RONNIE V. JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 04-2110 |
| WEXFORD HEALTH SOURCES, INC., MARY MILLER, HEALTH CARE UNIT ADMINISTRATOR, DOCTOR RONALD SCHAEFER, MD, | ) HONORABLE Harold A. Baker <br> Presiding Judge |
| Defendants. | ) |

### NOTICE OF FILING

TO: KELLY R. CHOATE, #6269533
Assistant Attorney General
500 South Second Street
Springfield, IL., 62706

Richard P. Klaus / Keith Brandon Hill
HEYL, ROYSTER, VOELKER $ ALLEN
Suite 300, 102 E. Main Street
P.O. Box 129
Urbana, Illinois, 61803-0129

COUNSEL OF RECORD

**YOU ARE HEREBY NOTIFIED THAT** on June 14, 2005, I shall cause to be filed with the Clerk of the above Court Plaintiff's OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND MOTION TO STAY THEIR REQUIRED RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, a copy of which is attached hereto and is heregy served upon you.

_Ron v. J02_
Plaintiff

STATE OF ILLINOIS     )
                      ) SS:
COUNTY OF VERMILLION  )

### AFFIDAVIT OF PROOF OF SERVICE

The undersigned, being first duly sworn upon oath, deposes and says that he served a copy of the aforementioned upon the above named parties by depositing the same in the United States Mail, with proper postage prepaid and addressed as indicated above, on this 14th day of June, 2005, at Danville, Illinois.

_Ron v. J02_
Affiant

SUBSCRIBED and SWORN to before me
this 14th day of June, 2005.

_Elizabeth A. Robson_
Notary Public

"OFFICIAL SEAL"
ELIZABETH A. ROBSON
Notary Public, State of Illinois
My Commission Exp. 10-10-06