UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**RONNIE V. JOHNSON,**
    **Plaintiff,**

    vs.    04-2110

**WEXFORD HEALTH SOURCES, INC., et al.,**
    **Defendants.**

### ORDER

On June 8, 2004, the plaintiff, Ronnie V. Johnson, while incarcerated at the Danville Correctional Center in Danville, Illinois, filed his complaint pursuant to 42 U.S.C. § 1983 against Wexford Health Sources, Inc., (hereinafter Wexford), Mary Miller, Health Care Unit Administrator and Dr. Ronald Schaefer. Before the court are the defendants' motions to dismiss, d/e's 25 and 29.

### Standard

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Background

The following facts are gleaned from the plaintiff's complaint and attached exhibits and are deemed true for purposes of this order:

The plaintiff alleges the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical needs. Specifically, the plaintiff alleges he has Hepatitis C, but complains that the defendants are not properly testing or treating him for

the illness. The plaintiff attaches, to his complaint, medical records, grievances and memorandums, as well as excerpts from books and the internet regarding the diagnosis and treatment of Hepatitis C.

The plaintiff alleges he should have received certain diagnostic test to evaluate his Hepatitis C, including a liver biopsy. He also alleges he should be treated with medications including, according to documents attached to his complaint, ribavirin. On or about January 5, 2004, Mr. Momoduo, a physician's assistant, informed the plaintiff of his diagnosis of Hepatitis C. Almost immediately thereafter, the plaintiff filed a grievance seeking particular diagnostic testing and subsequent treatment that he desired. The plaintiff received a response to his grievance on January 26, 2004, which stated the Health Care Administrator, defendant Miller had been notified of the grievance and that she had reviewed the plaintiff's medical records. Further, the plaintiff was advised in that response that he did test positive for Hepatitis C, but he did not meet all of the criteria for treatment.

Mary Miller is a Health Care Administrator. The plaintiff alleges that she is "responsible for the administration, operation and supervision of IDOC, DCC, medical staff and facility [and] for ensuring that all prisoners receive appropriate medical care...." The plaintiff's complaint establishes on its face that Miller reviewed the plaintiff's medical records to determine what care was given the plaintiff. The response to that review establishes that Miller knew the plaintiff had seen the physician for his complaints and that treatment was contraindicated. In Miller's
March 15, 2004 memo to the plaintiff, she outlined the fact that the criteria for treatment for Hepatitis C was explained to the plaintiff, that he had received the appropriate testing, and that he was being followed closely by the physician.

Further, a March 11, 2004 memorandum attached as an exhibit to the plaintiff's complaint shows that Dr. Shaefer ordered a repeat Hepatitis B panel and the plaintiff saw either the physician or the physician's assistant on April 2, 2004 and was ordered to receive additional lab tests. The plaintiff also attached various laboratory results to his complaint.

The plaintiff does not allege that he is a physician, or that he has any medical training. He does not allege that any physician or other medical person by whom he has been examined, has recommended any specific treatment. The plaintiff merely attached to his complaint, as authority for the proposition that he is receiving inadequate care, excerpts from a book about Hepatitis and articles from the internet discussing the diagnosis and care of Hepatitis. These articles suggest that certain persons are amendable to treatment with medications, including ribavirin, but also admit some persons are not amenable to treatment. The plaintiff has not alleged that any of the authors of the articles he attaches as authority for a specific treatment has ever examined him or reviewed his medical records. The plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**Discussion**

2

First, prison administrators, having no medical expertise, must rely on those with such medical expertise to assess the needs of prisoners and initiate treatment. *McEachem v. Civiletti*, 502 F. Supp. 532, 534 (N.D. Ill. 1980); *see also Eklund v. Hardiman*, 580 F. Supp. 410, 412 (N.D. Ill. 1984). There are no allegations that Miller is a physician. She reviewed the records to determine what care was given the plaintiff. Her response to that review establishes that Miller knew the plaintiff had seen the physician for his complaints and that treatment was contraindicated. As a non-physician, Miller is not alleged to be licensed to diagnose or prescribe treatment. Because the plaintiff was being treated by medical personnel, defendant Mary Miller is insulated from any Eighth Amendment claim.

Second, deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). The injury or need must be objectively serious, *and* the official must personally know of the risk and consciously disregard it. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *Mathis v. Fairman*, 120 F.3d 88. 91 (7th Cir. 1997); *Wynn v. Southward*, 251 F.3d at 593 (2001). An objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Chapman*, 241 F.3d at 845, *quoting Zentmyer v. Kendall County* 220 F.3d 805, 810 (7th Cir. 2000)(*quoting Gutierrez v. Peters* 111 F.3d 1364, 1373 (7th Cir. 1997)). An objectively serious condition also presents itself if "'failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain.'" *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999), *quoting Gutierrez*, 111 F.3d at 1373. The subjective component (deliberate indifference) does not encompass negligence or even gross negligence. *Id.*, *citing Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). The prisoner must "show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety." *Wynn*, 251 F.3d at 593, *citing Farmer v. Brennan*, 511 U.S. at 837; *Zentmyer*, 220 F.3d at 811. A prisoner is not required to show that he or she was "literally ignored." *Sherrod v. Lingle*, 223 F.3d 605, 611 (7th Cir. 2000)(jury could find deliberate indifference, "[i]f knowing that a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and an enema and sends him back to his cell."). Deliberate indifference may also be inferred "when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate the person responsible did not base the decision on such a judgment." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996). However, differences in opinion between an inmate and medical staff do not rise to the level of an Eighth Amendment violation. Therefore, disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge. *See Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir. 1991); *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); and *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Having reviewed the record before this court, the court concludes that it does not support any inference of deliberate indifference. The plaintiff himself has established that he was

diagnosed, tested and was seen by a physician and physician's assistants for his complaints, that they used their professional judgment to determine what medical treatment he would receive. Far from intimating that every person with a diagnosis of Hepatitis C should be treated in a specific manner, the plaintiff's own exhibits establish that an individual treatment is discretionary and should be determined by a physician. The gravaman of the plaintiff's complaint is that he is not happy with the treatment he is receiving for his medical condition. This however, does not rise to the level of a constitutional violation. *Snipes* at 592.

**It is therefore ordered:**

1. Pursuant to Fed. R. Civ. P. Rule 12(b)(6), the defendants' motions to dismiss, d/e's 25 and 29, are granted. Pursuant to Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's entire complaint is terminated for failure to state a claim upon which relief may be granted.
2. Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three strikes log, forthwith.
3. Any remaining matters are rendered moot.

**Enter this 6th day of July 2005.**

/s/ Harold A. Baker
_____
**HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE**